OTIS ELEVATOR CO. v. MILLER & PAINE.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1917.)

No. 4767.

1. MASTER AND SERVANT ⬩389—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—RIGHT TO SUBROGATION.

Under Nebraska Workmen's Compensation Act, § 109 (Rev. St. Neb. 1913, § 3659; Laws 1913, c. 198, § 18), providing that, where a third person is liable to the employé or to dependents for the injury or death, the employer shall be subrogated to the right of the employé or to dependents against such third person, the fact that the employer's negligence concurred with the negligence of the third person in causing the injury does not bar the employer's right to subrogation.

2. MASTER AND SERVANT ⬩389—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—SUBROGATION—INSURANCE.

Nor does the fact that the employer was insured against loss under the provisions of sections 137, 123, of the act (Laws 1913, c. 198, §§ 46, 47) bar his right to subrogation.

3. MASTER AND SERVANT ⬩367—WORKMEN'S COMPENSATION—INDEPENDENT CONTRACTOR—RIGHT TO SUBROGATION—NEGLIGENCE OF SUPERINTENDENT.

One employed by a contractor as superintendent of construction is not an "independent contractor," within Nebraska Workmen's Compensation Act, § 107 (Laws 1913, c. 198, § 16), providing that any person creating or carrying into operation any scheme to execute work without being responsible to the workmen shall be included in the term "employer," and with the immediate employer shall be jointly and severally liable for the compensation, but that the section shall not be so construed as to cover

---

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

·or mean a contractor who in good faith lets to a subcontractor, and re-·quires the subcontractor to procure a policy of insurance guaranteeing payment of compensation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Independent Contractor.]

4. MASTER AND SERVANT ⬤═➤389—WORKMEN'S COMPENSATION—RIGHT OF SUB-ROGATION—AMOUNT OF RECOVERY.

Under Nebraska Workmen's Compensation Act, § 109, providing that, where a third person is liable to the employé or to dependents for the injury or death, the employer shall be subrogated to the right against such third person, and the recovery by the employer shall not be limited to the amount payable as compensation to the employé or dependents, but he may recover any amount which the employé or his dependents would have been entitled to recover, and that any recovery by the employer in excess of the compensation paid after deducting the expenses thereof should be paid forthwith to the employé or the dependents, and treated as an advance payment by the employer on account of any future installments of compensation, recovery by the employer against a third person is not limited to the maximum recovery by the employé, but where the recovery exceeds the maximum compensation the excess is added to the payment to the employé.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action by Morris W. Folsom, as administrator of the estate of Harry D. Pettengill, against Miller & Paine, a corporation, to have determined compensation due to dependents of deceased, in which the Otis Elevator Company was made a party defendant on the cross-petition of Miller & Paine. From a judgment of the District Court, after removal to that court of the controversy between the original defendant and the Otis Elevator Company, for the original defendant, the Otis Elevator Company brings error. Affirmed.

William F. Gurley and David A. Fitch, both of Omaha, Neb., for ·plaintiff in error.

Edmund C. Strode, R. J. Greene, and Maxwell V. Beghtol, all of Lincoln, Neb., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and RINER, District Judge.

CARLAND, Circuit Judge.  On September 14, 1915, Miller & Paine, a corporation, was constructing a building at Lincoln, Neb. Harry D. Pettengill was at the time mentioned one of its employés, engaged in the performance of work on said building. While so engaged he received an injury which immediately caused his death. The ·employer and employé were subject to the "Workingmen's Compensation Act." Sections 92 to 146, inclusive, article 8, chapter 35, Rev. St. Neb. 1913. The employé left surviving him and dependent upon him for support a wife and child. The law above mentioned provided (section 113 [Laws 1913, c. 198, § 22]) that the employé should be entitled to compensation from his employer in an amount equal to 50 per cent. of his wages at the time of death provided the compensation should not be more than $10 nor less than $5 per week, payable

during the period of dependency which should not exceed 350 weeks. It provided (section 116 [Laws 1913, c. 198, § 25]) that except as otherwise provided said compensation should be paid periodically in accordance with the method of payment of wages at the time of the death of the employé. It provided (section 113) that the employer should be liable for the reasonable expense of the last sickness and burial of the employé, not exceeding the sum of $100. It provided (section 127 [Laws 1913, c. 198, § 36]) that the parties interested within the limitations of the law might settle all matters relating to compensation. It provided (section 130 [Laws 1913, c. 198, § 39]) that in the event there was a dispute as to the compensation due an employé either party might bring an action in the state court to determine the amount thereof and how it should be paid.

April 20, 1915, Morris W. Folsom, administrator of the estate of Pettengill, commenced an action in the district court for Lancaster county, Neb., against Miller & Paine, to have the amount of the compensation due the dependents of Pettengill determined and also the manner of paying the same. Miller & Paine filed an answer to the petition of the administrator, and also a cross-petition against the Otis Elevator Company, an Illinois corporation, hereinafter called "Elevator Company," which it asked should be made a party defendant in the action. In the cross-petition against the Elevator Company, Miller & Paine set forth facts which, if true, would have entitled the dependents of Pettengill, or the administrator of his estate, to recover damages for the negligent killing of Pettengill. The state court ordered that the Elevator Company be made a party defendant, as prayed for by Miller & Paine.

Subsequently the Elevator Company removed the whole case into the United States District Court for the District of Nebraska, on the ground of diverse citizenship. After the cause had been removed as stated, the administrator filed a motion to remand. On considering this motion the United States District Court decided that there were two controversies arising on the record: One between the administrator and Miller & Paine under the statute, and the other between Miller & Paine and the Elevator Company under its right of subrogation hereinafter mentioned. Being of this opinion, the United States District Court remanded the issue between the administrator and Miller & Paine to the state court and retained jurisdiction of the action between Miller & Paine and the Elevator Company. The last-named action proceeded to trial, and a verdict and judgment in the sum of $10,000 was recovered. From this judgment against it the Elevator Company has prosecuted a writ of error to this court, assigning certain errors.

The assignment of errors has been discussed by counsel on both sides in their briefs under three propositions, and we will follow the method adopted by counsel in disposing of the case. Counsel for the Elevator Company contend, first, that section 109 of the Workingmen's Compensation Act does not apply to an employer whose negligence concurred in causing the injury or death of his employé; second, that section 109 does not apply to an employer whose employé was injured or killed through the negligence of a third person without

fault on the part of the employer, where said employer has suffered no money damage by the payment of compensation or compensation to be paid, and who in the event of a recovery has no interest in the avails of the suit or any part thereof; third, that section 109 does not apply to an owner who carries on his work, as provided by section 107, through an independent contractor, who is required to carry a policy of insurance from a company licensed to make such insurance, which policy of insurance guarantees payment of compensation to injured workmen. Sections 109 and 107 above referred to read as follows:

109: "Where a third person is liable to the employé or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employé or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employé or dependents, but such employer may recover any amount which such employé or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employé or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation." Laws 1913, c. 198, § 18.

107: "Any person, firm or corporation creating or carrying into operation any scheme, artifice or device to enable him, them or it to execute work without being responsible to the workmen for the provisions of this article, shall be included in the term 'employer' and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this article. This section, however, shall not be so construed as to cover or mean an owner who lets a contract to a contractor in good faith, or a contractor who, in good faith, lets to a subcontractor * * * as the case may be, requires the contractor or subcontractor, respectively, to procure a policy or policies of insurance from an insurance company licensed to make such insurance in this state, which policy or policies of insurance shall guarantee payment of compensation according to this article to injured workmen." Laws 1913, c. 198, § 16.

[1] The Supreme Court of Nebraska, so far as we are advised, has never construed the foregoing sections with reference to the questions now raised, nor are we aided by the decisions of other courts under statutes differing in their phraseology from the Nebraska statute. It is claimed by counsel for the Elevator Company that they ought to have been permitted to show that the negligence of Miller & Paine concurred with that of the Elevator Company in causing the death of Pettengill, and, this fact being shown, there could be no recovery by Miller & Paine against the Elevator Company. We do not think that any such construction can be placed upon section 109 without reading into the statute language that the Legislature did not deem proper to place there. The liability of Miller & Paine was positively fixed by law, regardless of the question of negligence on its part. The law then provided that Miller & Paine should be subrogated to the rights of the dependents of Pettengill against the Elevator Company, providing it was the negligence of the Elevator Company that caused his death. To construe section 109 as not permitting Miller & Paine to prosecute an action for the benefit of itself and the dependents of Pettengill, if the negligence of Miller & Paine concurred with that of the Elevator Company in causing his death, would destroy the section.

The object of the section, as clearly appears from its language, was to permit the employer to reimburse himself by an action against the party whose negligence caused the death and also to allow the dependents of the deceased employé to recover a sum over and above the amount for which the employer was absolutely liable, regardless of negligence, if the evidence should permit such recovery.

The action brought by Miller & Paine against the Elevator Company under its right of subrogation must be treated, so far as the right to recover is concerned, just as if the action had been brought by the administrator of the estate of Pettengill. To decide that the concurring negligence of Miller & Paine could defeat such an action would not only permit one wrongdoer to plead the fault of a joint wrongdoer in defense, but would, as heretofore said, destroy the right of subrogation granted by the statute. The liability to compensate an employé, imposed by law upon the employer regardless of negligence, is in lieu of his liability for all other reasons. The trial court did not err in its rulings in reference to this proposition.

[2] The second proposition advanced by counsel for the Elevator Company is based on the fact that the Elevator Company at the trial below offered to show that the liability of Miller & Paine under the Compensation Act had been insured by an insurance company licensed to do such business in the state of Nebraska, and that therefore, as Miller & Paine would suffer no damage, it could not recover any damages against the Elevator Company. But this argument involves a misconception of the action brought by Miller & Paine. That action was to be tried just the same as if it had been brought by the administrator of the estate of Pettengill. If nothing had been paid by Miller & Paine, or other person for them, the whole recovery would go to the dependents of Pettengill. Just how the amount recovered in this action shall be divided as between the dependents, Miller & Paine, or the insurance company, is no concern of the Elevator Company.

The Compensation Act itself (sections 137, 123 [Laws 1913, c. 198, §§ 46, 47]) provides that the employer may insure his liability to pay compensation and prescribes the form of the policy. To say that the employer could insure his liability, and then construe the law in such manner that he could not be subrogated if he did so, would be to cause one section of the law to destroy the other, which certainly is not permissible. The whole law must be construed together, and each provision thereof given effect, if possible.

[3] The third proposition argued by counsel is not sound, for the reason that Olson was not an independent contractor within the meaning of section 107. He was, as the evidence shows, employed by Miller & Paine as superintendent of construction.

[4] Some suggestion has been made in reference to the excess of the recovery in this action over and above the compensation fixed by the statute being considered as an advance payment upon the amount due as compensation from Miller & Paine to the dependents of Pettengill. The compensation in this case might be $10 per week for 350 weeks, or a period of about 7 years. Under the statute Miller & Paine are entitled to deduct from the amount of the recovery in this

action the expense of recovering the same and the amount already paid for compensation and the expense of last sickness and burial, the balance to be paid forthwith to the dependents. The law says this balance shall be treated as an advance payment by Miller & Paine on account of any future installments of compensation. We think a fair construction of the law is that this excess, in so far as the unpaid installments are concerned, shall be considered as an advance payment; but where, as in this case, the recovery exceeds the whole compensation to be paid, the law by its language did not intend to limit the recovery allowed by the first clause of section 109, which specifically provides that the amount of recovery shall not be limited to the amount payable as compensation.

Finding no error in the record, the judgment below must be affirmed; and it is so ordered.