GENERAL BOX COMPANY v. MISSOURI UTILITIES COMPANY, Appellant. —55 S. W. (2d) 442.

Division One, December 20, 1932.

846

*Oliver & Oliver* for appellant.

848

*Gallivan & Finch* and *James A. Finch, Jr.*, for respondent.

STURGIS, C.—This is a suit under Section 3309, Revised Statutes 1929, part of the Workmen's Compensation Act, by the employer of Thomas Clark, who met his death in the course of and arising out of his employment, against defendant, an electrical company, which is alleged to have caused Clark's death through its negligence. The plaintiff was engaged in operating a factory at Illmo, Missouri, making boxes, and procured a part of its electrical power necessary to operate its machinery from the defendant, whose central plant for generating electricity was at Cape Girardeau, Missouri, the two plants being connected by high tension wires carrying electrical energy from defendant's plant to plaintiff's plant. Thomas Clark, the deceased, was in plaintiff's employ and in the course of his work came in contact with an electrical switch and circuit breaker, part of defendant's appliances for transmitting and supplying electricity to operate plaintiff's factory and machinery, and was electrocuted, dying instantly. He left surviving him his wife and four minor children, who were his dependents, and they applied for and were duly awarded, without contest, compensation under our Workmen's Compensation Act.

Thereafter, this plaintiff, as Clark's employer and liable to his dependents for compensation on account of his death, brought this action against this defendant as a third person liable on account of its

negligence to such dependents of Clark for his injury and death, under said Section 3309, Revised Statutes 1929, which provides:

"When a *third person* is liable to the employee or to the dependents, for the injury or death, the *employer* shall be subrogated to the right of the employee or to the dependents against *such third person*, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recovery *any amount* which such employee or his dependents would have been entitled to recover. Any recovery by the *employer against such third person*, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid *forthwith* to the employee or *to the dependents,* and shall be treated as an advance payment by the employer, on account of any future installments of compensation." (Italics ours.)

The petition alleges all the facts essential to make a case under this statute, inclusive of the negligence of this defendant in that the defendant company is, and was at all times hereinafter mentioned, engaged in the business of furnishing electric light and power to this plaintiff's factory, and for that purpose maintained power lines carrying electrical current of high voltage, one of which lines entered upon the premises of plaintiff where the defendant erected a substation and kept and maintained transformers, circuit breakers, and other electrical appliances necessary to transmit power to plaintiff's plant; that it became and was the duty of defendant to use a high degree of care to keep and maintain said electrical appliances in such a state of repair that it would not be dangerous to plaintiff's employees while engaged in their duties in and about plaintiff's plant; and plaintiff avers that the defendant negligently and carelessly permitted said electrical appliances to become so defective and in such bad state of repair that when the said Thomas Clark, plaintiff's employee, attempted to operate said switch he received an electrical shock from the power line of defendant as aforesaid, which resulted in the immediate death of said Clark; that the defective condition of said electrical appliances was known by the defendant company, or could have been known by the exercise of ordinary care, in ample time to have repaired said defects before the time of the injury to and the death of said Thomas Clark; that the injury to and the death of said Clark was the direct result of the negligence and carelessness of the defendant as above set out.

The petition further alleges that under the provisions of the Workmen's Compensation Act, which we have set out, supra, this plaintiff, as employer of said Thomas Clark, deceased, at the time of his death, is subrogated to the rights of the dependents of said Clark, his widow and minor children, and is entitled to maintain this action. The

amount of damages prayed for is $10,000, as provided by our wrongful death statute.

The evidence is, we think, amply sufficient to sustain the charge of negligence of defendant as alleged, and this is not seriously controverted here by defendant.

The answer of the defendant, which raises the important question for our consideration, denies its own negligence and then pleads, as an affirmative defense, planitiff's negligence as being the proximate and direct cause of the injury and death of plaintiff's employee Clark, and therefore that plaintiff cannot recover in this action. The negligence of the plaintiff, as alleged and proven, was that a severe ice and sleet storm had raged for two or three days prior to the accident in question, causing serious damage and impairment of defendant's transmission wires and appliances, including the circuit breaker where defendant's wires entered plaintiff's box factory, and that the ground wire, acting as a safety device to carry off surplus current from such circuit breaker, had burned in two and was no longer functioning; that such circuit breaker, itself a safety device to prevent an overload of electricity from entering plaintiff's factory, was "kicking off" or breaking the circuit at frequent intervals, showing a dangerous condition; that plaintiff's superintendent, with full knowledge of this dangerous condition and the lack of a ground wire to counteract the same, negligently directed its employee Clark to attend this circuit breaker and connect it every time it "kicked off" so as to keep the plaintiff's machinery going; that to connect the circuit Clark had to take hold of the switch handle and push it back in position, and as same had become charged with a high voltage, Clark, in doing so, was electrocuted. This defendant also set up plaintiff's negligence in failing to supply its employee Clark with rubber gloves or boots to use in attending to this circuit breaker and switch, which would have prevented Clark being injured notwithstanding the dangerous condition of the circuit breaker box and switch handle due to an excess charge of electricity.

It should be noted in this connection that plaintiff's negligence as charged consists in not putting to work certain safety or preventive devices—a ground wire or rubber gloves—to prevent the primary cause of Clark's death, to-wit, an excess and dangerous charge of electricity, from having that effect. This circuit breaker and switch handle which Clark took hold of did not "kick off" or become dangerously charged with electric current in normal and proper working conditions, and it was only when something was wrong that the safety devices were needed. What was found to be wrong in this instance was that the coils in this circuit breaker through which the electric current passed had become defective—the insulation burned off—

in such manner as to permit the electric current of 2300 volts to charge the covering or box of the circuit breaker and switch handle connected therewith. It was this defect in the coils which probably caused the ground wire to burn in two by the excessive charge of escaped electricity and go out of commission some two days before this accident. The evidence sustains the theory that by proper inspection this defective condition of the coils could and would have been discovered by defendant in ample time to have remedied the defect, and that it was its negligence not to have done so. The court so instructed the jury on plaintiff's behalf.

We have noticed these matters somewhat in detail because of defendant's insistence that plaintiff's negligence was the direct and proximate cause of Clark's injury and death, and that defendant's negligence was only the remote and secondary cause, which contention we will advert to later.

On this state of facts the court of its own motion gave to the jury the following Instruction No. 5, for error in which, the jury having returned a verdict for defendant, the court then granted plaintiff a new trial, to-wit:

"The court instructs the jury that if you believe and find from all the evidence in the case that the defendant was negligent in failing to repair the coils, yet if you further find that the plaintiff knew of a defect, or had reasonable cause to know it was dangerous to the life of Clark to send him to operate the switch; and if plaintiff was negligent in sending its employee to operate the switch, and his death would not have occurred except for *negligence of plaintiff, combined with negligence of the defendant,* and if you so find the facts, your verdict will be for defendant."

On careful consideration we must hold that this instruction is erroneous both on reason and authority, and that the trial court was right in so holding. The question is whether or not an employer, on being held liable for compensation to an injured employee, can, in a suit against a negligent third party, after making a complete case of liability for negligence against such third party causing the injury or death of his employee, be defeated of recovery by a showing that such employer was also guilty of concurring or contributory negligence. The correctness of this instruction must primarily be tested by the provisions of the statute heretofore quoted creating such right of action in favor of the employer against a third party liable because of his negligence.

■■ A reading of the statute in question shows that it makes no exception to the subrogated right of the employer to recover against the third person whose negligence makes him liable to the injured employee or his dependents for the injury or death, on account of any

negligence of the suing employer concurring with or contributing to the third party's negligence. The sole test of liability of the third party to the subrogated employer is the liability of the third party to the injured servant or his dependents, and it clearly is no defense to the third party's liability for his own negligence to show that another party, his employer, was also negligent concurrently and contributing thereto. Moreover, the employer is by this statute subrogated to the rights of the injured employee, or his dependents in case of death, against the negligent third party, and the law certainly is that the right of an injured party or his dependents to recover damages against a party whose negligence caused the injury is not defeated or impaired by the fact that another party's negligence also aided or contributed to the injury. At most, the negligence of the plaintiff, employer, made it and the defendant, the negligent third party, joint tort-feasors, and the injured employee, Clark, or his dependents, had a right under the general law, except as modified by the Workmen's Compensation Act, to sue and recover full damages against either tort-feasor, and the concurrent or contributory negligence of the other tort-feasor is wholly immaterial as a defense or in diminution of the amount of recovery. Our courts have held that while the Workmen's Compensation Act deprives the injured employee, or his dependents in case of death, of the right to maintain a suit based on negligence against his employer when such Act applies, the compensation allowed being exclusive (Pfitzinger v. Shell Pipe Line Corp. (Mo. App.), 46 S. W. (2d) 955, 958), yet the right of such employee to sue and recover against the negligent third party remains unimpaired by such Act. [McKenzie v. Missouri Stables, 225 Mo. App. 64, 70, 34 S. W. (2d) 136; Superior Minerals Co. v. Missouri Pacific Railroad Co. (Mo. App.), 45 S. W. (2d) 912, 914; Sylcox v. National Lead Co. (Mo. App.), 38 S. W. (2d) 497, 502.] ■ This statute further provides that in the suit by the subrogated employer, "the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such *employer* may recover *any* amount which such employee or his dependents would have been entitled to recover." Under these provisions of the statute, it is properly held that the employer takes over unimpaired the injured employee's whole cause of action against the negligent third party, defendant in this case, by statutory assignment rather than strict subrogation, and, so far as the negligence of the third party is concerned, steps in the shoes of the injured employee. [Gayhart v. Monarch Wrecking Co. (Mo. App.), 49 S. W. (2d) 265.] The suit of the subrogated employer is not one *pro tanto* merely for indemnity or reimbursement of the compensation paid or to be paid to the employee, but is for the whole cause of action of the injured

employee against one responsible in damages for the whole injury, and who cannot interpose the concurring negligence of a joint tortfeasor as a defense. McKenzie v. Missouri Stables, 225 Mo. App. 64, 70, 34 S. W. (2d) 136, where the court said: "There is nevertheless no doubt that it (the statute in question) gives him (the employer) the right to bring and prosecute the action for damages, not *pro tanto*, but in its entirety." And in Superior Minerals Co. v. Railroad (Mo. App.), 45 S. W. (2d) 912, 914, this is said: "Likewise we have held in somewhat the same connection that, even though Section 3309, the subrogation statute, does not deprive the injured employee, as a real party in interest, of the right to maintain an action against the third party, yet it does, by a process of conventional subrogation in the nature of an assignment, plainly invest the employer liable for compensation with the right to bring and maintain the action against such third party, in his own name, but for the benefit of both himself and the injured employee." This is emphasized by the further provision of this statute that "any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expense of making such recovery, shall be *paid forthwith to the employee* or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation." 1 Schneider's Workmen's Compensation Law, speaking of the subrogation section of the Missouri Act, page 361, says: "The statute contemplates that both the employer and the employee have a beneficial interest in the cause of action, and, regardless of where the legal title to the cause of action is, both are real parties in interest and either may bring suit for himself and as trustee of an express trust for the benefit of the other without joining the other." ■ It thus appears that either the injured employee may bring his own action for damages against the negligent third party, or, if he declines or neglects to do so, then the subrogated employer liable for payment of compensation may bring such action, or both such parties may join in such suit. When the employer sues, as he does here, he does so, in part at least, as a trustee of an express trust for the benefit of the injured employee or his dependents. As said in the McKenzie case, supra, "What the section does contemplate, beyond peradventure of doubt, is that both the employer and the employee have beneficial interests in the cause of action, the employer being interested in securing indemnity for himself for the amount of compensation payable by him, and the employee being interested in obtaining whatever surplus may remain after his employer has been indemnified. ■ Consequently, without regard to where the pure legal title to the cause of action may be, either the employee or the employer is plainly a real party in interest, and of what-

ever sum he recovers from the third party, he is, in part at least, the trustee of an express trust, the employee to see that the employer's right of subrogation is protected, and the employer to see that the employee secured the surplus remaining after he himself is indemnified. . . . It follows, therefore, that the employer may sue in his own name without joining the injured employee, not only because he is the trustee of an express trust in the manner that we have pointed out, but also because the subrogation statute seems to give him that right. But it follows with equal propriety that the employee, who in any event is the beneficiary contemplated by the statute, may also sue without joining the employer. By this conclusion we do not intend to say that both the employer and the employee might not be proper parties plaintiff to the action, or that for the protection of the rights of all parties to the controversy the employer or the employee might not come or be brought into the action, either upon his own motion, or by motion of one of the other parties thereto.''

It is evident that if the injured employee chooses to bring his own action against the negligent third party, in part at least for the benefit of the employer, or if he and the employer join in such action, it would not be competent for such negligent third party to interpose as a defense the negligence of a joint tort-feasor, though it be that of the employer.

While the precise question which we are considering has not been decided in this State, it has been adjudicated in other states. The provisions of the Workmen's Compensation Act differ so widely in the various states, especially on the question of subrogation of the employer to the rights of the injured employee, that decisions of other states are often not applicable to our statute. It has been noted, however, a number of times that our subrogation statute now in question, Section 3309, supra, was taken from and is identical with the like statute of Nebraska, Section 3041, Compiled Statutes of Nebraska, 1922. A comparison of the two statutes shows this to be the case, though the Nebraska statute has been amended since its adoption here so as to make it conform to our construction of same, but as to a matter not material here. [Superior Minerals Co. v. Missouri Pacific Railroad Co. (Mo. App.), 45 S. W. (2d) 912, 914; McKenzie v. Missouri Stables, 225 Mo. App. 64, 73, 34 S. W. (2d) 136.] We find that the Nebraska statute has been construed in conformity to our views. The subrogation section of that act seems to have first been construed by the Federal Court in Otis Elevator Co. v. Miller & Paine, 240 Fed. 376, on appeal from the United States District Court. The controversy there was between Miller & Paint, the employer of an injured workman, and the Otis Elevator Company, whose negligence in part at least caused the injury. The

court states that "counsel for the Elevator Company contend . . . that Section 109 of the Workmen's Compensation Act (quoted and shown to be the same as our Sec. 3309, R. S. 1929) does not apply to an employer whose negligence concurred in causing the injury or death of his employee." As to this the Circuit Court of Appeals, affirming the judgment of the United States District Court, said: "It is claimed by counsel for the Elevator Company that they ought to have been permitted to show that the negligence of Miller & Paine (the employer) concurred with . . . the Elevator Company (the negligent third party) in causing the death of Pettengill, and, this fact being shown, there could be no recovery by Miller & Payne against the Elevator Company. We do not think that any such construction can be placed upon Section 109 without reading into the statute language that the Legislature did not deem proper to place there. The liability of Miller & Paine was positively fixed by law, regardless of the question of negligence on its part. The law then provided that Miller & Paine should be subrogated to the rights of the dependents of Pettengill against the Elevator Company, providing it was the negligence of the Elevator Company that caused his death. To construe Section 109 as not permitting Miller & Paine to prosecute an action for the benefit of itself and the dependents of Pettengill, if the negligence of Miller & Paine concurred with that of the Elevator Company in causing his death, would destroy the section. The object of the section, as clearly appears from its language, was to permit the employer to reimburse himself by an action against the party whose negligence caused the death and also to allow the dependents of the deceased employee to recover a sum over and above the amount for which the employer was absolutely liable, regardless of negligence, if the evidence should permit such recovery. The action brought by Miller & Paint against the Elevator Company under its right of subrogation must be treated, as far as the right to recover is concerned, *just as if the action had been brought by the administrator of the estate of Pettengill.* To decide that the concurring negligence of Miller & Paine (the employer) could defeat such an action would not only permit the wrongdoer to plead the fault of a joint wrongdoer in defense, but would, as heretofore said, destroy the right of subrogation granted by the statute."

When the same question came before the Supreme Court of Nebraska in Graham v. City of Lincoln, 183 N. W. 569, the court quoted from and approved the ruling of the Federal Court, supra. The court also approved an Iowa case, saying: "In Fidelity & Casualty Co. v. Cedar Valley Electric Co., 187 Iowa, 1014, 174 N. W. 709, the defendant complained of the giving of an instruction which stated that the rights of the employer were the same as the rights of the

employee against the defendant, and of the refusal of an instruction that, if the fault of the employer contributed to the cause of the injury, it could not recover. The Iowa court followed Otis Elevator Co. v. Miller & Payne, 240 Fed. 376, 153 C. C. A. 302, and after saying that the provision of the Nebraska statute does not materially differ from the statute under consideration, proceeds: . . . 'There is nothing express or implied in Section 2477m6 from which the conclusion can be drawn that the payment of compensation by the employer whose act, jointly with that of another, produced the injuries, shall operate as a bar against the right of an employee or the party paying the compensation and entitled to be subrogated to his rights to maintain an action against the person other than the employer although a joint tort-feasor for damages. To construe the statute otherwise must do violence to the plain language thereof. The instruction complained of correctly stated the law applicable to the facts, and the requested instructions were properly refused.' We approve of this reasoning and are convinced that these cases interpreted the statute as the Legislature intended.''

█ It should be noted that this construction of the Nebraska statute was placed thereon by the highest court of that state prior to its adoption here, and the law is well settled that when one state adopts a statute of another state which the courts of that state have construed, then such construction will be held to have been adopted along with the statute. [Schott v. Continental Auto Ins. Underwriters (Mo.), 326 Mo. 92, 31 S. W. (2d) 7, 11; State ex rel. Westhues v. Sullivan, 283 Mo. 546, 578, 224 S. W. 327; Yost v. Railroad, 245 Mo. 219, 238, 149 S. W. 577.]

In California a section of the Workmen's Compensation Act provides that either the employer or the injured employee can maintain an action against a third person based on his negligence as the cause of the injury. If the employer sues alone and "recovers more than the amount he has paid or become obligated to pay as compensation, he shall pay the excess to the injured employee or other person entitled." If the employee maintains the suit, "the court shall, on application, allow as a first lien against any judgment recovered by the employee, the amount of the employer's expenditure for compensation." Under such statute, both the employer and his injured employee are beneficiaries of and interested in any suit brought against the negligent third party, and either or both may maintain the action. Such, as we have seen, is the effect of our own statute. In Milosevich v. Pacific Electric Ry. Co., 68 Cal. App. 662, 230 Pac. 15, the suit was brought and prosecuted by the dependents of the fatally injured servant against the negligent third party. Such third party attempted to set up as a partial defense that the em-

ployer, who paid compensation and would therefore recover same back to the extent of over $3,000 out of any judgment obtained, was also guilty of negligence contributing to death of the servant. The court there said: ''From this provision of the act it is evident that it was the intention of the Legislature to provide that the action between the employee and the third person, or that between the employer and the third person, in which the employee might join, is to be determined without any reference to the amount paid to the employee by the employer or the amount for which the latter might become liable for the injury sustained by the employee. Such an action is to be determined as if no settlement or award had been made as between the employee and the employer. . . . To hold that in such an action the defendant is liable for the full amount of the damages sustained by the employee, irrespective of the contributory negligence of the employer, is casting no burden upon the negligent third person greater than that borne by him prior to the enactment of the statute. Before the passage of any workmen's compensation acts a negligent third person was responsible for all damages sustained through his negligence to one in the employ of another, and the fact that the employer was liable for such injury jointly with a third person, was no defense to such an action in whole or in part, nor could it be made the basis of any proceeding against the employer for contribution towards payment of the judgment recovered by the employee against the third person. We are, therefore, of the opinion that by the terms of the act . . . the defendant was precluded from interposing as a defense in this action the contributory negligence of the employer, and that it was not error on the part of the court to sustain the objection to the introduction of evidence in support of this defense.'' The court there cited and approved the Federal case of Otis Elevator Co. v. Miller & Paine, and the Iowa case of Fidelity & Casualty Co. v. Cedar Valley Electric Co., supra.

In every action against negligent third party, whether brought and maintained by the injured employee in his own right or by the employer by virtue of the statutory subrogation or assignment provided by Section 3309, Revised Statutes 1929, both such parties are interested and beneficiaries, and if defendant's view of the law is correct, every such recovery should be reduced by the amount going to the concurrently negligent employer, which is manifestly not the law in suits brought by the injured employee, or for his benefit, against the one whose negligence, whether sole or joint, caused the injury.

Of course, in all such actions the negligence of the injured person concurring and contributing thereto is a complete defense in this State, but that is not the question here. This Instruction No. 5 given by the court told the jury that although defendant was negli-

gent, yet if the negligence of plaintiff, the employer, "combined with negligence of the defendant," then to find for defendant. That is not the law.

Recurring to defendant's contention that defendant's negligence in permitting the coils of the circuit breaker to remain in a defective and dangerous condition after such could and should have been discovered and corrected, was only secondary and remotely the cause of Clark's injury and death, and that plaintiff's negligence was the direct and proximate cause, we cannot so agree (45 C. J. 937), and the erroneous instruction just mentioned was not drawn on that theory. We will grant that a defendant sued for negligence is liable therefor only when such negligence is the direct and proximate cause of the injury. [45 C. J. 901.] If there is an intervening act of negligence of another party, itself the efficient, direct and proximate cause of the injury, it becomes in law the sole cause. [45 C. J. 928.] Such, however, is not the fact here. It was the defective coils permitting electricity of high and dangerous voltage to saturate the box and handle of the switch which the deceased took hold of in the course of his work that was the virulent and primary cause of his death. Plaintiff's negligence was a failure to use or cause Clark to use a safety device to counteract or overcome this danger. The degree of culpability of the two acts of negligence is not the test of which is the proximate and direct cause of the accident, as comparative negligence is not so applied. [45 C. J. 925.] Nor is it correct to say that only one of the acts of negligence, though of different parties, can be the direct and proximate cause of the accident. [45 C. J. 920.] The essential characteristic of negligence, in order to be actionable, is that the negligent act be the proximate and direct cause of the accident, and may well and often does attach to concurrent acts of negligence of different parties. [45 C. J. 924.] That is what makes joint tort-feasors, and contributory negligence, to be effective, must have this characteristic. [45 C. J. 970.] It will not do, therefore, to argue, as defendant does, that a finding that plaintiff's negligence was the direct and proximate cause of Clark's injuries, excludes or precludes a finding that defendant's negligence was also the direct and proximate cause.

While the trial court did not grant a new trial on account of error in giving instructions other than No. 5, it ought to have done so as to Instructions Nos. 2 and 3 given for defendant which contain the same error. By Instruction No. 2 the jury was told that if the plaintiff Box Company knew, or should have known, prior to the fatal accident that the ground wire from the circuit breaker box had been severed the night previous, leaving no means of carrying off any electric current accumulating there, and that said circuit breaker

box had been automatically "kicking off" or disconnecting, and knew that it was dangerous to touch same in that condition, and, with such knowledge, directed the deceased Clark to take hold of such switch handle and put it back in place, that is, connect it whenever it "kicked off", and that in doing so Clark lost his life as a direct result of such facts and conditions, and that plaintiff, the employer of Clark, was negligent in so doing, then defendant is not liable and to find for it. This instruction totally ignored defendant's negligence as a producing cause of the accident and makes it of no importance providing plaintiff was negligent in the manner specified. The third instruction in the same manner predicates a complete defense on plaintiff's negligence in not furnishing its employee Clark with rubber gloves in doing his work under the conditions mentioned. We repeat that the employer's negligence is not a factor in the case.

■ We have not overlooked the fact that on discovering the burning out of the ground wire at the circuit breaker prior to the accident in question, an employee of the plaintiff promised an employee of defendant to remedy this defect before starting up the box factory, and failed to do so. The defendant could not escape liability by delegating this duty to another, and the negligence of this employee of plaintiff was at most plaintiff's negligence, which, we hold, is not a defense.

■ Defendant suggests that if plaintiff, as employer, recovers the full amount of damages sued for, or substantially so, and retains the full amount of compensation awarded to the dependents of Clark which is payable weekly for a period of near six years, and such dependents should die meantime, then plaintiff would profit over and above the amount of compensation it would have to pay. Granting that defendant has an interest in what becomes of the money which it has to pay to one entitled to sue therefor, in discharge of its liability for its own negligence, defendant overlooks the provision of the statute in question which requires plaintiff to *pay forthwith* to the dependents of Clark the *amount recovered* in excess of the compensation actually paid by this plaintiff plus expenses of collecting same, and the excess so paid to the dependents is treated only as advance payments of future installments of compensation, if any. It is the dependents, if anyone, who profit by receiving in cash the whole damages allowed by law for defendant's negligence.

It results, therefore, that the trial court ruled well in sustaining the motion for new trial, and the order is affirmed and the cause remanded. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur.