**Earl VENINGA, Plaintiff-Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Respondent.**

No. 31794.

St. Louis Court of Appeals.

Missouri.

March 16, 1965.

Robert T. Ebert, St. Louis, for plaintiff-appellant.

Evans & Dixon, Ralph C. Kleinschmidt, St. Louis, for defendant-respondent.

BRADY, Commissioner.

This is an action to compel the respondent, hereinafter referred to as the defendant, Workmen's Compensation carrier for the plaintiff's employer, to pay to the appellant, hereinafter referred to as the plaintiff, one-half of the trial expenses incurred by plaintiff in the trial of plaintiff's action instituted against a third party. The trial court entered judgment in favor of defendant.

The case was submitted to the trial court on an agreed statement of facts, the material portions of which show that the defendant was the Workmen's Compensation insurance carrier for the Mueller Erection Company. The plaintiff, an employee of the Mueller Erection Company, sustained accidental injuries arising out of his employment for said company while on the premises of the Harbison-Walker Refractories Company, Inc. As a result of this accident, the plaintiff filed a claim for Workmen's Compensation benefits and was paid a total of $5,489.81 by the defendant for medical and disability benefits.

Some three years later the plaintiff instituted a suit against the Harbison-Walker Refractories Company, Inc. to recover damages for the personal injuries he sustained on the occasion heretofore mentioned. Some three months after this suit was filed the defendant's claim supervisor wrote plaintiff's attorneys as follows: "We have been advised that you have filed suit against Harbison Walker, of Fulton, Missouri, as a result of injuries sustained on or around November 12, 1957. We are the Workmen's Compensation carrier for Mueller Erection Company, Inc. Our attorneys advise that in the event of judgment or settlement in behalf of the employee, we should expect full recovery of all expenditures we have been required to make under the Workmen's Compensation Act of Missouri. We would like to discuss this matter further with you, and if this is possible, please contact this office at your earliest convenience." Later the defendant's adjuster wrote plaintiff's attorneys a letter wherein he itemized the expenses incurred by defendant with respect to the compensation claim. There is no evidence that the defendant employed or retained plaintiff's attorneys to represent them in regard to the recovery of these itemized expenditures nor that they employed or retained any other counsel to do so.

Prior to the trial of the third party action plaintiff's attorneys inquired of the defendant the amount it would accept in satisfaction of its subrogation claim. The defendant took the position that since no offer of settlement by Harbison-Walker had been made, negotiations with regard to the settlement of the subrogation claim were premature. Plaintiff's attorneys made a formal demand upon Harbison-Walker in the amount of $15,000.00 which was to represent settlement of all claims including the defendant's subrogated interests. Upon rejection of this settlement offer the matter proceeded to trial with the resulting verdict and judgment for the defendant. That judgment has become final.

The amount with which we are here concerned arises from an after-trial demand on behalf of plaintiff that defendant reimburse plaintiff for one-half of the trial expenses incurred by plaintiff in preparation for the trial of the third party action against Harbison-Walker.

■ The plaintiff contends that the defendant "* * * expressly requested plaintiff to include its interests in the pending litigation * * *" and that the law will therefore imply a promise on the part of the defendant to pay its proportionate share of the trial expenses. This contention is not pertinent to the instant case for the reason that the facts do not show the defendant expressly requested plaintiff to include its interests. We cannot read the letter from the defendant's claim supervisor directed to the plaintiff's attorneys as doing so. The second letter which simply itemizes the defendant's expenditures cer-

tainly cannot be thus interpreted. The purpose of these letters was merely to place the plaintiff on notice of the defendant's indemnity rights and to give plaintiff the amount of indemnity involved. They cannot be interpreted as doing anything more. We do not rule the question of whether an express request to include the defendant's interests in the plaintiff's third party action would render the defendant liable to the plaintiff for one-half of the expenses of such litigation when the result was unsuccessful. Here there was no such express request.

■ It is well settled that the employee or the employer may proceed jointly or separately against a negligent third party to recover damages on account of personal injuries sustained by the employee. If they proceed separately, whichever brings the action becomes the trustee of an express trust for the benefit of the other in that portion of the recovery to which the other is entitled. O'Hanlon Reports, Inc. v. Ben Needles & Son Hauling & Exp. Co., Mo. App., 360 S.W.2d 382. The statute which governs the rights and liabilities of the employer and employee with respect to third party actions is § 287.150, RSMo 1959, V.A.M.S. Of the four subsections in that paragraph only subsections 1 and 3 are pertinent here. § 287.150, 1, supra, provides that the employer "* * * may recover any amount which such employee or his dependents would have been entitled to recover * * *" and that if the employer does so, any amount of recovery in excess of the compensation paid by the employer "* * * * after deducting the expenses of making such recovery * * *" shall be paid to the employee or to his dependents and shall be treated as an advance payment by the employer on account of any further installments of compensation. Subsection 3 of the statute deals with the allocation of expenses when the employee makes a recovery and provides that "* * * the employer shall pay from his share of the recovery a propor-

tionate share of the expenses of the recovery * * *." Subsection 3 has been interpreted as offering an incentive for the employee to bring the third party action and if he brings the action, he may secure a greater net recovery than he will if the employer or insurer effects the recovery. Knox v. Land Construction Co., Mo.App., 345 S.W.2d 244, l. c. 248. It is therefore apparent that while either the employer or the employee has the right to bring the action seeking to effect a third party recovery and while either has the right to intervene in an action brought by the other, O'Hanlon Reports, Inc. v. Ben Needles & Son Hauling & Exp. Co., supra, neither party can force the other to bring the action. That is a matter for their separate election. The plaintiff's cited cases do not hold otherwise nor is this court aware of any authority supporting a contrary view.

■ Since the § 287.150, supra, does not provide for the sharing of expenses in the event the third party action is unsuccessful, we can find no basis in the Workmen's Compensation Act for the plaintiff's action. Having previously found the factual situation insufficient to support any implied agreement to pay one-half the expenses based upon the defendant's express request to include its interest in the plaintiff's third party action, it follows the judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment is affirmed.

RUDDY, P. J., ANDERSON, J., and FRANK D. CONNETT, Jr., Special Judge, concur.

WOLFE, J., not participating.