STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Relator,

v.

Honorable Fred W. COPELAND, Presiding Judge of the Circuit Court of New Madrid County, Missouri, Respondent.

No. 17614.

Missouri Court of Appeals, Southern District, Division One.

Dec. 5, 1991.

Mo. Hwy. & Trans. Comm. Rich Tiemeyer, Chief Counsel, Daniel Hennemann, Asst. Counsel, Sikeston, for relator.

Stephen L. Taylor, Burns & Taylor, Sikeston, for respondent.

## ORIGINAL PROCEEDING
## IN PROHIBITION

PARRISH, Judge.

This is an action in prohibition in which relator seeks to prohibit the respondent judge from granting a motion to intervene in case No. CV190–373CC in the Circuit Court of New Madrid County, Missouri. The motion to intervene was filed by Eddie Haynes and Scottie M. Haynes for the limited purpose of requesting the Circuit Court of New Madrid County to dismiss any claim on behalf of Eddie Haynes set forth in the petition in that case. A preliminary order in prohibition was entered. Rule 97.04. For the reasons that follow, that preliminary order is quashed.

Relator filed its petition, as plaintiff, December 12, 1990, in the Circuit Court of New Madrid County, Missouri, against Marion Pepsi–Cola Bottling Company and James Eli Payne, as defendants. Relator's petition in case No. CV190–373CC was in three counts. Count I sought recovery for personal injuries sustained by Eddie Haynes as a result of a motor vehicle accident. The petition alleged that on or about October 11, 1990, in New Madrid County,

Missouri, Haynes was an employee of relator; that Haynes was operating a truck owned by relator; that an employee of Marion Pepsi–Cola Bottling Co., James Eli Payne, drove a vehicle owned by Marion Pepsi–Cola Bottling Co. into and against the vehicle that Haynes was operating. The petition alleged that as a result of the accident, Haynes was injured due to the negligence of Marion Pepsi–Cola Bottling Co. and its employee, James Eli Payne. It further alleged that the injuries Eddie Haynes sustained in the accident were incurred "in the scope and course of employment, pursuant to Chapter 287 of the Revised Statutes of Missouri (1986)." Relator's petition alleged that relator was "subrogated to the right of the employee or to the dependents" against Marion Pepsi–Cola Bottling Co. and James Eli Payne. Relator, in its New Madrid County case, sought recovery of damages for the injuries Haynes received as a result of the accident. It based its right of recovery on § 287.150.-1.[1]

In Count II of its New Madrid County suit, relator sought recovery for injuries that another employee received from the same accident. In Count III relator sought to recover for damages that two of its vehicles allegedly incurred in the accident.

On January 14, 1991, Eddie Haynes and his wife, Scottie M. Haynes, filed an action in the Circuit Court of New Madrid County for his personal injuries and for her loss of consortium. Their action arose out of the same accident that was the basis for relator's case No. CV190–373CC.

On April 2, 1991, Eddie Haynes filed a motion to intervene in relator's case, No. CV190–373CC, for the limited purpose of requesting the trial court to dismiss that case. On May 30, 1991, that motion was granted and an order was entered in that case dismissing "any claim on behalf of Eddie Haynes." On June 5, 1991, the judge in case No. CV190–373CC—the re-

---

1. The references made to § 287.150 in the briefs filed by the parties to this case cite RSMo 1986; however, § 287.150 was amended by 1990 Mo. Laws, S.B. 751, p. 872. The amendments made by that bill were to subparagraphs 2 and 4 of that statute. Neither subparagraph 2 nor 4 is applicable to the issues raised in this case. For that reason, in keeping with the references in the briefs, when referring to § 287.150, RSMo 1986 will be cited rather than RSMo Supp.1990.

spondent judge in this action—entered a further order that the May 30, 1991, order "is stayed for 20 days to allow plaintiff [relator] to seek Writ of Prohibition." This court entered a preliminary order in prohibition June 19, 1991.

■ Relator first contends that the respondent judge "exceeded the parameters of his jurisdiction" by granting Eddie Haynes' motion to intervene in case No. CV190–373CC for the limited purpose of dismissing that action "because relator is clearly empowered to bring such an action pursuant to a right of subrogation created by § 287.150.1, RSMo (1986)."

Section 287.150.1 states:

Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation.

Section 287.150.3 states:

Whenever recovery against the third person is effected by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. After the expenses and attorney fee have been paid the balance of the recovery shall be apportioned between the employer and the employee or his dependents in the same ratio that the amount due the employer bears to the total amount recovered, or the balance of the recovery may be divided between the employer and the employee or his dependents as they may agree. Any part of the recovery found to be due to the employer, the employee or his dependents shall be paid forthwith and any part of the recovery paid to the employee or his dependents under this section shall be treated by them as an advance payment by the employer on account of any future installments of compensation.

The problem that gives rise to this action in prohibition is that Missouri does not have a priority statute that prescribes who is entitled to proceed first against a third party tort-feasor, the employee or the employer[2]. Both the employee and employer have beneficial interests in the cause of action against the third party tort-feasor. *McKenzie v. Missouri Stables, Inc.*, 225 Mo.App. 64, 34 S.W.2d 136, 139 (1930). "[E]ither the employee or the employer is plainly a real party in interest, and, of whatever sum he recovers from the third party, he is, in part at least, the trustee of an express trust, the employee to see that the employer's right of subrogation is protected, and the employer to see that the employee secures the surplus remaining after he himself is indemnified." 34 S.W.2d at 139. "[T]he employer may sue in his own name without joining the injured employee." *Id.* "[T]he employee ... may

**2.** According to 2A Larson, *Larson's Workmen's Compensation Law* § 74 (1990), there are five types of subrogation statutes: no subrogation (three states); absolute subrogation—the employee's cause of action is assigned to the payor of compensation unconditionally (four states); co-existing subrogation and direct action—either the employee or employer may seek recovery against a third party tort-feasor (thirteen states including Missouri); employee priority—the employee has a prescribed time in which to bring an action against a third party tort-feasor

after compensation is awarded and, if an action is not brought, the payor of compensation is assigned the right of action (twenty-two states); and priority by the subrogee—the subrogee has a limited time in which to bring the action and, if not brought within that time, the employee may proceed (two states). Larson, in discussing states in which subrogation and a right of direct action by the employee co-exist, observes that those states "typically provide for joinder of one in a suit begun by the other." *Id.* at § 74.13, p. 14–372.

also sue without joining the employer."
*Id.*

The interworkings of §§ 287.150.1 and .3 are explained in *Veninga v. Liberty Mutual Ins. Co.*, 388 S.W.2d 535, 537 (Mo.App. 1965): [3]

§ 287.150, 1, supra, provides that the employer " * * * may recover any amount which such employee or his dependents would have been entitled to recover * * * " and that if the employer does so, any amount of recovery in excess of the compensation paid by the employer " * * * after deducting the expenses of making such recovery * * * " shall be paid to the employee or to his dependents and shall be treated as an advance payment by the employer on account of any further installments of compensation. Subsection 3 of the statute deals with the allocation of expenses when the employee makes a recovery and provides that " * * * the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery * * *." Subsection 3 has been interpreted as offering an incentive for the employee to bring the third party action and if he brings the action, he may secure a greater net recovery than he will if the employer or insurer effects the recovery. [Citation omitted.] It is therefore apparent that while either the employer or the employee has the right to bring the action seeking to effect a third party recovery and while either has the right to intervene in an action brought by the other, *O'Hanlon Reports, Inc. v. Ben Needles & Son Hauling & Exp. Co.*, [360 S.W.2d 382 (Mo.App.1961)], neither party can force the other to bring the action. That is a matter for their separate election.

The question with which this court is faced is what happens when both bring separate suits. Who is entitled to determine the manner in which the claim proceeds?

What is now § 287.150.3—the employee's right to effect recovery on behalf of himself and an employer who has paid workers' compensation—was enacted in 1955.[4] That right existed prior to the enactment of the statute, but it was not a statutory right. *See General Box Co. v. Missouri Utilities Co.*, 331 Mo. 845, 55 S.W.2d 442, 445–46 (1932), and *Sylcox v. Nat'l Lead Co.*, 225 Mo.App. 543, 38 S.W.2d 497, 501 (1931). The employer's statutory right of subrogation—now § 287.150.1—existed prior to 1955.

*General Box Co.* discussed the relationship of the employer's statutory right of subrogation and the employee's right to effect recovery. It explained that § 3309, RSMo 1929 (now § 287.150.1), permitted "the employer [to take] over unimpaired the injured employee's whole cause of action against the negligent third party ... by *statutory assignment* rather than strict subrogation, and, so far as the negligence of the third party is concerned, [to step] in the shoes of the injured employee." 55 S.W.2d at 445 (emphasis added). The court concluded:

It thus appears that either the injured employee may bring his own action for damages against the negligent third party, or, *if he declines or neglects to do so*, then the subrogated employer liable for payment of compensation may bring such action, or both such parties may join in such suit. (Emphasis added.)

55 S.W.2d at 446.[5]

The injury to the relator's employee occurred October 11, 1990. Relator filed its action (case No. CV190–373CC) for recovery for the employee's injuries December 12, 1990. The employee, Eddie Haynes, filed his action against the third party tort-

---

**3.** The applicable statutes in *Veninga* were RSMo 1959. The only change in §§ 287.150.1 and .3, RSMo 1986, from the 1959 revision is a correction of the verb "has" to its plural form "have" in the second sentence of § 287.150.3. The meaning of the statute was unaffected by the correction.

**4.** 1955 Mo. Laws, H.B. 335, p. 597.

**5.** In *Larson's Workmen's Compensation Law, supra*, n. 2, at § 74.16(b), p. 14–389, the author suggests, regarding the question of priority, that "logic would dictate that the employee should have first priority. After all, it is his injury and his cause of action."

feasor January 14, 1991. The employer's action was filed on the 62nd day following the accident. The employee's action was filed on the 95th day. This court does not find that the employee declined or neglected to file his own action for damages by waiting to do so until the 95th day after the injury occurred. The claim against the third party tort-feasor is the claim of the employee. The interest of the employer in the claim "is something that is carved out of the injured employee's interest." *State ex rel. Transit Casualty Co. v. Holt*, 411 S.W.2d 249, 252 (Mo.App.1967). It is "wholly derivative" from the right of the employee to proceed against the third party tort-feasor. *Id.* "[W]hile the word 'subrogated' is used in Section 287.150, . . . 'it is indemnity, and not true subrogation, for which the act provides.'" *O'Hanlon Reports, Inc. v. Needles, supra*, at 386, *quoting McKenzie v. Missouri Stables, Inc.*, 34 S.W.2d at 141. *See also State ex rel. Royal–McBee Corp. v. Luten*, 390 S.W.2d 931, 934 (Mo.App.1965).

■ Where, as here, an employee is not derelict in pursuing his right to recover against a third party tort-feasor, in view of the foregoing, this court concludes that the employee is entitled to manage the suit to recover for his injuries. He is entitled to choose who represents him and to make those decisions that are germane to his cause of action. He is entitled to guide the efforts to effect recovery on his claim in a manner that assures that the claim is pursued with a view toward recovering more than an amount that would merely cover the compensation expenditure of his employer. Both cases, the employee's case and the employer's case, were filed in the same court. For whatever reason, the employee chose not to request that they be consolidated, see Rule 66.01(b), but sought dismissal of the case filed by relator, the employer. Under these facts, the respondent judge committed no error nor "exceeded the parameters of his discretion" in granting the employee's motion to intervene for the limited purpose of dismissal. Further, this court perceives no prejudice to relator's right to recover for benefits paid under the provisions of chapter 287 by reason of the respondent judge's ruling. As the employee, Eddie Haynes, had choices as to how to proceed, relator may now choose whether to intervene in the employee's case. Relator's first point is denied.

For its second point, relator argues that the respondent judge erred in permitting the employee to intervene for the limited purpose of dismissal "because the formula for distributing third party recovery detailed in *Ruediger v. Kallmeyer Brothers Services*, 501 S.W.2d 56 (Mo. banc 1973) is not applicable when the employer brings the action against the third party pursuant to Section 287.150.1 RSMO (1986)." Relator contends that the determination of how to distribute funds that may ultimately be recovered depends on who sues first, the employer or the employee. Relator apparently believes it can limit its expenses and recover more net proceeds if it files the first suit and effects recovery in that suit.

The issue of who is entitled to collect what amount is premature. That issue may be pursued at the appropriate time— after recovery has been effected. The respondent judge was not faced with that issue in determining whether to grant the employee's motion to intervene. The issue of how a recovery in a case against a third party tort-feasor is distributed between an employer and an employee is based on factors other than whose suit is filed first. It is a matter of interpretation based upon what occurred in the case in which recovery is effected. The Eastern District of this court evaluated the problem of prorating fees and expenses by various methods that would affect how proceeds are distributed when recovery is effected from a third party tort-feasor. In *Parker v. Laclede Gas Co.*, 770 S.W.2d 461 (Mo.App.1989), the court said, at l.c. 464:

In short, we do not find that the language of the statute clearly establishes how the expenses and fees are to be prorated in this situation and we are applying to the statute an interpretation to avoid an "unjust or unreasonable" result. The purpose of Sec. 287.150.1 and 3 is to prevent either the employee or the

employer from obtaining a "free ride" as to the expenses incurred in obtaining a recovery mutually beneficial. Neither can sit idly by and then refuse to make his contribution to the expenses. Where, however, each party has borne his own expense in effectuating his portion of the recovery, no just reason exists for requiring that he bear that expense twice. We therefore remand to the Commission for further proceedings in accordance with this opinion.

Other cases discussing a myriad of factors regarding the question of distributing the proceeds of a recovery from a third party tort-feasor include: *Ruediger v. Kallmeyer Bros. Service, supra,* at 59–60; *Maryland Casualty Co. v. General Electric Co.,* 418 S.W.2d 115, 117–18 (Mo. banc 1967); *Anderson v. Quality Furnace Co.,* 447 S.W.2d 828, 830–34 (Mo.App.1969); *Knox v. Land Construction Co.,* 345 S.W.2d 244, 248–51 (Mo.App.1961). The issue of the applicability of subsections 1 and 3 of § 287.150 and the question of what formula should apply in distributing proceeds must await there being a recovery. Relator's second point is denied.

Relator's third point is directed to an argument that if the employee had not been permitted to intervene, any claim for loss of consortium by his wife would be "split." Relator claims that the respondent judge committed error in granting leave to intervene for the limited purpose of dismissing the claim because "misjoinder of parties is not grounds for dismissal of an action." This case is decided upon the issues previously discussed. For that reason, relator's third point need not be, and is not, reached.

The preliminary order in prohibition previously entered whereby the respondent judge was ordered to refrain from enforcing the May 30, 1991, order in case No. CV190–373CC regarding dismissal of any claim on behalf of Eddie Haynes is ordered quashed.

PREWITT, P.J., and CROW, J., concur