Hardy C. MENEES, Plaintiff,

v.

NATIONAL SUPER MARKETS,
INC., Appellant,

and

William R. Brown, Kevin Brown, Kathleen Mattwell, Christopher Brown, Craig Brown, Carole Lowery, Jeffrey Brown, Kevin Rotert, John R. Shank, Jr., Respondents.

No. 62415.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 31, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1993.

Application to Transfer Denied
Nov. 23, 1993.

Ann E. Hamilton, Ann Marie Piana, St. Louis, for appellant.

Kevin P. Rotert, Gladstone, Richard E. Coughlin, Clayton, for respondents.

STEPHAN, Judge.

On September 4, 1987, Rose Brown, an employee of National Super Markets, Inc., was shot to death by an armed robber while performing her duties in the store. Her surviving spouse, William R. Brown, was awarded Workers' Compensation benefits as a result of her death. Thereafter, William Brown and Rose Brown's six children, each of whom was fully emancipated at the time of her death, commenced a wrongful death action against Barrington–Bryce Detective

Agency and Building Butlers, Inc. apparently on the basis of their failure to maintain the National store as a safe place to work. Shortly before the trial of the wrongful death case was to begin, the plaintiffs and Building Butlers arrived at a settlement agreement. On the second day of trial, plaintiffs and Barrington–Bryce reached a similar agreement. All parties agreed that the total settlement amount of the wrongful death case would be $240,000.

At a hearing held in accordance with Section 537.095, RSMo 1986, William Brown testified that, in his opinion, he and each of the children had suffered an equal loss as a result of Rose Brown's death and that they agreed that the settlement amount should be divided equally. The circuit court approved the arrangement.

Throughout the period of litigation involving Barrington–Bryce and Building Butlers, National Super Markets, Inc. had been making payments to William Brown under the Workers' Compensation law. When the settlement was effected, National asserted its claim for subrogation with respect to the gross settlement amounts which Barrington–Brice and Building Butlers agreed to pay to William Brown and to the six children of Rose Brown rather than the one-seventh share of that amount paid with court approval to William Brown. The plaintiff herein, Hardy Menees, an attorney who represented one of the children, agreed to act as trustee of the settlement proceeds and commenced this interpleader action to determine the appropriate division of the settlement proceeds.

National's principal authority for its argument is Section 287.150–2, RSMo 1986, which provides:

> 2. When a third person is liable for the death of an employee and compensation is paid or payable under this chapter, and recovery is had either by judgment or settlement for the wrongful death of the employee, subject to subsection 3, the employer shall receive or have credit for all sums paid or payable under this chapter to any one or all of the dependents of the deceased employee to the extent of the settlement or recovery for the wrongful death, whether or not one or all of the

dependents are entitled to share in the proceeds of the settlement or recovery and whether or not one or all of the dependents could have maintained the action or claim for wrongful death.

■ The trial court held, and we agree, that National's right to subrogation is limited to the amount paid to William Brown as his share of the wrongful death claim. In a case such as this, the employer's right of recovery is "wholly derivative" of the right of the employee to proceed against the third party tort-feasor. *State ex rel. Hwy. & Tr. Comm'n. v. Copeland,* 820 S.W.2d 80, 84 (Mo.App.1991).

■ It follows, therefore, that William Brown's right of recovery for the death of his wife under the Workers' Compensation Law cannot properly be reduced by more than he received in settlement of his wrongful death claim. By operation of the Employer's statutory right of subrogation (§ 287.150), the amount of the settlement with Rose Brown's spouse became fully creditable to the employer in its obligation to him under the Workers' Compensation Law. *State ex rel. Hwy. & Tr. Comm. v. Copeland,* 820 S.W.2d 80, 83 (Mo.App.1991).

The trial court having so ruled, we affirm its judgment in all respects.

GARY M. GAERTNER, C.J., concurs.

SMITH, J., dissents in separate dissenting opinion.

SMITH, Judge, dissenting opinion.

I respectfully dissent.

The statute, § 287.150.2 RSMo 1992, provides that if a third person is liable for the death of an employee and recovery is had by judgment or settlement for the wrongful death, the employer, if it has paid workers' compensation, is entitled to receive or have credit for all sums paid or payable to *any one* or all of the dependents under the workers' compensation law to the extent of the settlement or recovery for the wrongful death. This is true whether one or all of the dependents could have maintained the action for wrongful death or are entitled to share in the

proceeds. Employer paid compensation for the death of Rose Brown to William Brown, a dependent of Rose Brown. Sec. 287.-240(4)(a). Settlement was made by Barrington–Bryce and Building Butlers for that wrongful death. Employer is entitled to receive all sums paid to William Brown under workers' compensation law from that settlement. In what manner the proceeds are divided between family members, one of whom is a dependent and the others who are not, is irrelevant to the statutory command that National receive all sums it has paid to William Brown, the dependent, from the settlement.

I would reverse the judgment of the trial court.