**ST. LOUIS BOARD OF EDUCATION, et al., Appellants,**

v.

**Henry SHANNON, Respondent.**

**No. 63275.**

Supreme Court of Missouri,
En Banc.

Oct. 12, 1982.

Rehearing Denied Nov. 9, 1982.

Edward M. Vokoun, Evans & Dixon, St. Louis, for appellants.

Frank B. Green, St. Louis, for respondent.

HIGGINS, Judge.

Appeal by employer and insurer from judgment in a third party common law recovery action. Appellants contend the circuit court erred in holding they had no right to subrogation in a third party recovery; by holding section 287.150(3) RSMo 1969 unconstitutional by interpreting the phrase "amount due employer" as the dollar value of the employer-insurer's total liability less the employee's attorney fees and reasonable expenses; in allowing improper expert testimony; and in applying principles of estoppel to prevent employer-insurer's recovery in this case. The dispositive question is whether section 287.150(3), which determines the rights and liabilities of the parties to a workers' compensation

action in a third party common law recovery, is constitutional. Reversed.

Henry Shannon was a teacher at Harris Teachers College, a branch of the St. Louis Board of Education. He was required to pursue a graduate degree as a condition of his continued employment. In order to fulfill this requirement he was taking classes at Washington University. While on his way to class he slipped on ice, fell, and was injured. The Board of Education informed him his injury was not job related and therefore not compensable under the Missouri Workers' Compensation Law. Mr. Shannon subsequently filed a workers' compensation claim and a common law suit against Washington University. The Workers' Compensation Board awarded him $5,538.90. The court of appeals modified the judgment giving the employer and its insurer a $115.00 credit for the wages paid Mr. Shannon after the injury. In the common law action he was awarded $10,000. The employer and insurer filed this action seeking a declaration of their subrogation rights by reason of the workers' compensation payment and the third party recovery. The circuit court held the employer and insurer were not entitled to subrogation on the ground section 287.150(3) violated article 1, sections 2 and 10 of the Missouri Constitution in that the statute was indefinite, vague, and violative of respondent's equal protection and due process rights. The trial court further held if section 287.150(3) is constitutional, the phrase "amount due employer" should be interpreted to mean the dollar value of the employer-insurer's total liability less the employee's attorney fees and reasonable expenses; the employer and insurer were estopped from involving the powers of equity to enforce subrogation; and the interest which accrued on the workers' compensation benefits during appeal should be excluded from the apportioning formula.

█ Statutes cannot be held unconstitutional if they are susceptible to any reasonable construction supporting their constitutionality. *Diemer v. Weiss,* 343 Mo. 626, 627, 122 S.W.2d 922, 923 (1938). A statute is presumed constitutional unless it clearly contravenes some constitutional provision. *Prokopf v. Whaley,* 592 S.W.2d 819, 824 (Mo. banc 1980). When the terms of a statute are so confusing that their intent cannot be discerned with reasonable certainty, the statute will be void. *Id.* at 824. Section 287.150(3) does not clearly contravene the constitution, nor is it so confusing that it precludes a reasonable construction. This statute has been so construed by this Court; it is not unconstitutional. *See Ruediger v. Kallmeyer Bros. Service,* 501 S.W.2d 56 (Mo. banc 1973).

█ This Court was faced with a similar situation in *Ruediger,* 501 S.W.2d at 57. There, the appellant was awarded workers' compensation benefits for permanent and total disability, then recovered a judgment in a third party action against the bus company involved in his accident. The issue before the Court then, as now, was what formula should be used in distributing the proceeds of a third party recovery. The Court determined:

(1) The expenses of the third party litigation should be deducted from the third party recovery; (2) the balance should be apportioned in the same ratio that the amount paid by the employer at the time of the third party recovery bears to the total amount recovered from the third party; (3) the amounts due each should be paid forthwith; (4) the amount paid the employee should be treated as an advance payment on account of any future installments of compensation; and (5) in a case such as presented here, the employee should be entitled to future compensation benefits in the event the amount paid him as an advance is exhausted under the provisions of the statute.

*Id.* at 59. This method of calculation must be applied in this case.

The judgment is reversed, and the case is remanded.

DONNELLY, C.J., RENDLEN, SEILER and WELLIVER, JJ., and MORGAN, Senior Judge, concur.

GUNN, J., not participating because not a member of the Court when cause was submitted.