Clarence **PARKER**,
Employee–Respondent,

v.

**LACLEDE GAS COMPANY,**
Employer/Self–Insured–Appellant.

No. 55718.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 25, 1989.

Edward W. Warner, St. Louis, for employer–self–insured-appellant.

James F. Koester, St. Louis, for employee-respondent.

SMITH, Presiding Judge.

Laclede Gas Company, employer, appeals from an award by the Labor and Industrial Relations Commission.

Two issues are presented on appeal. One challenges the finding of the Commission that the employee Parker is permanently totally disabled. There is medical evidence to support this finding and we find the challenge without merit. The second issue involves the distribution of proceeds recovered in a settlement resulting from a lawsuit against a third party. The issue presented has not heretofore been decided in this state.

Parker was severely burned in an explosion while he was attempting to repair a leaking gas pipe. The leak was caused by an employee of St. Louis County Water Company. Laclede paid $76,593.25 in medical expenses and for temporary total disability. Parker, through his attorney James Koester, filed suit against St. Louis County Water for Parker's injuries. Settlement was effectuated during trial for $550,000. There is no dispute that Laclede is entitled to its subrogation interest. The dispute is whether that interest should be reduced by a *pro rata* share of Parker's expenses and attorney's fees. The dispute arises because at Koester's request Laclede intervened in the lawsuit against St. Louis County Water and was represented throughout by its own counsel. The administrative law judge while finding "... there may be some equitable argument for the employer's position" felt he was bound by the apportionment formula established in *Ruediger v. Kallmeyer Brothers Service*, 501 S.W.2d 56 (Mo. banc 1973). He therefore assessed a *pro rata* share of Koester's fee and the expenses against employer's subrogation interest. The Commission approved the award of the administrative law judge.

Koester testified that upon inquiry from Laclede's attorneys about whether they should intervene he said, "Fine. Go ahead and intervene because I felt that it was in Mr. Parker's best interest to have the jury know that there was $76,000 that he would not get." He was also sure that he re-

quested Laclede have an independent person, other than himself, file a petition on Laclede's behalf. While there was some dispute about the extent of the work done by Laclede's attorneys there is no question they expended substantial time in preparation for trial and at the trial itself. It is also apparent that Koester and Laclede's attorneys worked closely together and fully cooperated with each other in order to obtain the maximum recovery possible. No evidence was introduced of the amount of any attorney's fees or expenses so the award of the Commission simply provided the formula to be used in determining the *pro rata* distribution of Laclede's subrogation interest.

Laclede contends that it was forced to intervene, which it had a right to do, because Koester refused to protect its interest. Legally Koester could not refuse to protect Laclede's subrogation interest for under Sec. 287.150 RSMo 1986, that interest was protected as a matter of law in any recovery Parker should achieve. We must review the case, therefore, on the basis that Laclede employed its own counsel and intervened not under compulsion but because it was requested to in order to improve Parker's total recovery which might increase the *pro rata* share of the subrogation claim which Laclede would receive.

Sec. 287.150, as pertinent here, was last amended in 1955. In two cases since that time the Supreme Court has pointed out the need for amendment of the section to more clearly reflect the intent of the legislation. *Maryland Casualty Company v. General Electric Company*, 418 S.W.2d 115 (Mo. banc 1967) [2, 3]; *Ruediger v. Kallmeyer, supra,* [3,4]. No amendment has been forthcoming.

Subparagraph 1 of the statute deals with a situation where the employer seeks and obtains recovery against a third party. In that situation the employer retains the amount of compensation paid by it and the expenses of making recovery, and pays the remainder to the injured employee or his dependents to be treated as an advance payment by the employer of future installments of compensation.

Subparagraph 3 of the statute deals with a recovery "effected" by the employee or his dependents. Specifically, it provides, "Whenever recovery against the third party is *effected* by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the *expenses* of the recovery, including a reasonable attorney's fee." (Emphasis supplied). After expenses and attorney's fee have been paid, the remaining recovery is apportioned between the employee and employer in the same ratio that the amount due the employer bears to the total amount recovered or as the employee and employer may agree.

In *Maryland Casualty, supra,* the court addressed a situation in which the lawsuit was filed by the employer's insuror. The employee's widow agreed, at the request of the insuror, to enter her appearance as a co-plaintiff. She fully cooperated in the prosecution of the case but at no time did she or her attorneys assist in the investigation or preparation of the case for trial. After a recovery the widow sought to have the proceeds pro-rated pursuant to the provisions of subparagraph 3. The court held that she had not "effected" the recovery and that distribution should be made under subparagraph 1. It defined "effected" to mean "accomplished, brought to pass, completed or produced; carried to completion, or consummated." It rejected a definition of "effected" as "influenced." It further stated that the "law favors construction of a statute, which avoids unjust or unreasonable results."

*Ruediger, supra,* involved the apportionment formula to be utilized in a subsection 3 recovery. The formula arrived at requires that the *expenses* of the third party litigation be deducted from the third party recovery. Expenses in *Ruediger* included the attorney's fee of the employee's attorney. The employer in *Ruediger* had no apparent involvement in the third party lawsuit. *Ruediger* pointed out that distribution of the proceeds of a third party recovery has been a "vexatious problem in every state which had adopted a workmen's compensation law." Because the statutes

vary so widely each state is compelled to interpret its own unique provisions. Therefore, we can put little reliance upon decisions from foreign jurisdictions.[1]

The basic concept of Sec. 287.150 is that the party seeking and obtaining a third party recovery becomes the trustee of an express trust for the benefit of the other in that portion of the recovery to which the other is entitled. *Veninga v. Liberty Mutual Insurance Company,* 388 S.W.2d 535 (Mo.App.1965) [2–4]. As with other recoveries of a *res* which benefit more than the person seeking the recovery the person effectuating the recovery is entitled to charge the *res* for the expenses incurred in making the recovery. *Leggett v. Missouri State Life Insurance Co.,* 342 S.W.2d 833 (Mo. banc 1960) [60–61]; *Jourdan v. Gilmore,* 638 S.W.2d 763 (Mo.App.1982) [10, 11]. One who sits idly by and allows another to recover money for his benefit can have no objection to having the expenses of that recovery met from the amount recovered. Sec. 287.150.1 and 3 are designed to effectuate that concept. What they do not address specifically is the case before us where both benefiting parties have participated in the recovery and each has incurred expense in so doing. We do not believe *Ruediger* addresses this case either.

At least four possibilities for resolving the issue present themselves. First, whoever initiates the lawsuit is considered to have "effected" the recovery and is entitled to full reimbursement of his expenses with the other receiving none of his expense from the fund. Second, both parties are deemed to have "effected" the recovery and the fees and expenses of both are totaled and as such applied to the *"Ruediger* formula." Third, both parties are deemed to have "effected" the recovery and the Commission determines the relative contribution of each and pro rates the fees accordingly. Fourth, both parties are deemed to have "effected" the recovery and each bears his own fees and expenses

from his share of the recovery. A fifth possibility is that the parties agree beforehand to the load each will carry in the litigation and the proration of fees and expenses upon recovery. Subparagraph 3 authorizes such an agreement.

Each of the first four possibilities has drawbacks and inequities. The first puts a premium on a race to the courthouse and places no weight at all on the relative contributions of each party to the recovery effected. Nor does it take into account that one party who has contributed to the recovery at his expense receives no credit for his contribution and in essence must bear all of his own expense and a portion of the other party's. Additionally, if the first to file is the employer, then the distribution becomes a sub-paragraph 1 distribution changing substantially the benefits the employee receives from the third-party recovery. That is essentially the approach advocated by Parker.

Both the second and third approaches contain the practical problem that in most cases the basis upon which fees are determined will be considerably different. Normally the employee's attorney will be functioning on a contingent fee arrangement while the employer's attorney will be charging on an hourly or other fixed rate. Depending on the recovery made, one of the two parties will have fees either disproportionally high or disproportionally low for the relative amount of work performed. Additionally, the second alternative increases, probably substantially, the amount of the recovery which goes to attorney's fees and reduces the amount of the recovery to both employee and employer, creating a tail-wagging-the-dog syndrome.

The third alternative also creates an extremely complicated factual determination for the Commission to attempt to sort out after the fact. It could well lead, as could the second alternative, to unnecessary duplication and a lack of cooperation between

---

1. *See,* for example: *Walsh v. Woods,* 133 Cal. App.3d 764, 184 Cal.Rptr. 267 (1982); *Johnson v. L.D.S. Trucking Co.,* 254 Cal.App.2d 496, 62 Cal. Rptr. 501 (1967); *Bosch v. Standard Oil Co.,* 193 Cal.App.2d 426, 14 Cal.Rptr. 247 (1961); *D.N.*

*Corporation v. Hammond,* 685 P.2d 1225 (Alaska 1984); *Schulz v. General Wholesale Cooperative Co., Inc.,* 195 Neb. 410, 238 N.W.2d 463 (1976); *Lyons v. City of Shreveport,* 339 So.2d 466 (La. App.1976).

counsel, in what should be a closely cooperative effort.

The fourth alternative also leads to the possibility of disproportionate contribution by one of the parties to the recovery and a resultant windfall to the party making slight contribution to the result.

Given the definition of "effected" utilized in *Maryland Casualty, supra,* and the concept that the parties sharing in a *res* created should bear their proportionate share of the expense, we believe that the fourth alternative is preferable, *if* the Commission finds that in fact the contribution of both parties "effected" the recovery. In the case before us the fourth alternative particularly commends itself because the expenditure incurred by Laclede was at the specific request of Parker's attorney in order to increase the potential recovery on behalf of Parker.

Because the Commission felt itself bound by the *"Ruediger* formula" it never addressed the question of whether Laclede's representation in the lawsuit "effected" the recovery or merely "influenced" it. We must remand for that determination. We do not find that "effected" is limited to one of the recovering parties. A recovery can be "effected" by the contribution of both. In making the determination it is questionable that much reliance can be placed upon Laclede's successful efforts before intervention to have certain Laclede employees' (apparently brought into the case by St. Louis County Water) dismissed from the suit. Those efforts appear to have been more related to protecting those employees than to have been aimed at furthering the recovery although it may have peripherally had the latter effect. There is still evidence of substantial efforts by Laclede's attorneys after the intervention directed at securing the largest possible recovery.

In short, we do not find that the language of the statute clearly establishes how the expenses and fees are to be prorated in this situation and we are applying to the statute an interpretation to avoid an "unjust or unreasonable" result. The purpose of Sec. 287.150.1 and 3 is to prevent either the employee or the employer from obtaining a "free ride" as to the expenses incurred in obtaining a recovery mutually beneficial. Neither can sit idly by and then refuse to make his contribution to the expenses. Where, however, each party has borne his own expense in effectuating his portion of the recovery, no just reason exists for requiring that he bear that expense twice. We therefore remand to the Commission for further proceedings in accordance with this opinion.

Award of the Commission as to distribution of the third party recovery is reversed and cause remanded for further proceedings. In all other respects the award is affirmed.

STEPHAN and SATZ, JJ., concur.