**Leonard P. CERVANTES,
Plaintiff–Appellant,**

v.

**Agnes RYAN, Personal Representative for the Estate of Charles Ryan, and Ralston Purina Company, Defendants–Respondents–Cross–Appellants.**

Nos. 55915, 55916 and 56005.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 11, 1990.[1]

Motion for Rehearing and/or Transfer to Supreme Court Denied
Oct. 24, 1990.

Application to Transfer Denied
Dec. 18, 1990.

---

1. An opinion in this case was originally issued on March 13, 1990. That opinion was subse-

quently withdrawn on April 18, 1990 when cross-appellant Charles Ryan's counsel suggested the death of Charles Ryan. On August 29, 1990 Agnes Ryan, executrix of the Estate of Charles Ryan, filed a motion to substitute Agnes Ryan as the personal representative of the Estate of Charles Ryan to act as a substitute party. By order we have done so. The original opinion of March 13, 1990, with some modifications is now reissued.

Thomas A. Connelly, St. Louis, for plaintiff-appellant.

Edward J. Deghroony, St. Louis, for Charles Ryan.

Joseph H. Mueller and Robyn G. Fox, Moser and Marsalek, St. Louis, for Ralston Purina Co.

PUDLOWSKI, Presiding Judge.

This is an appeal from an interpleader action which arose out of a dispute between an attorney for a personal injury client in Missouri and the employer of the attorney's client. The interpleader action consisted of the attorney seeking attorney's fees from the sums saved by the employer due to his successful recovery in a personal injury suit. The employer sought to limit the attorney's fees. We affirm in part and reverse in part.

On September 7, 1980, Charles Ryan (Ryan), an employee of defendant/cross-appellant Ralston Purina Company (Ralston), in Princeton, Illinois was injured in a motor vehicle accident in St. Louis County, Missouri. Ryan was driving a truck which was struck from behind by a motor vehicle operated by John Henson (Henson), an agent of Julius Kolesar, Inc. (Kolesar). On November 27, 1981, Ryan employed plaintiff/appellant Leonard P. Cervantes (Cervantes) to represent him in his workers' compensation action against Ralston and his personal injury claim against Henson and Kolesar. Cervantes is an attorney duly licensed to practice law in the State of Missouri.

Cervantes' employment contract with Ryan stated Cervantes was to receive 33⅓% of all sums recovered whether by settlement or by suit and 40% of all sums recovered if any judgment was subsequently appealed or retried. On January 13, 1982 Cervantes sent a notice of lien to Henson and Kolesar pursuant to § 484.130 RSMo 1986, V.A.M.S. wherein he set forth the terms of his employment contract with Ryan.

On January 30, 1982 Cervantes also provided a letter to Aetna TEC, the agent of Ralston, and attached a copy of his employment contract with Ryan.

Ryan filed a claim with the Industrial Commission of the State of Illinois seeking benefits from his employer Ralston for the injuries sustained in the accident. Pursuant to the Illinois Workers' Compensation Act, Ralston paid the sum of $140,937.29 in medical and disability payments to Ryan.

In addition to the Illinois Workers' Compensation claim, Ryan also filed a third party petition on May 11, 1982 in the Circuit Court for the City of St. Louis bringing a personal injury action against Henson and Kolesar. The suit was subsequently removed by Henderson and Kolesar to the United States District Court for the Eastern District of Missouri on the basis of diversity of citizenship. Ralston intervened in the suit.

Ryan's suit was a complex one involving extensive pre-trial preparation by Cervantes and his associates. The suit was tried before a jury for eight days spread out over a 19 day period. On November 25, 1985 the jury returned a verdict in favor of Ryan which awarded him $550,000

and his wife $25,000 for her loss of consortium claim. Henson and Kolesar appealed the judgment to the United States Court of Appeals for the Eighth Circuit. Following the filing of briefs and oral argument, the court affirmed the judgment.

Cervantes and his associates incurred net unpaid expenses of $8,538.32. The only offer of settlement ever made in the case by the defendants Henson and Kolesar was $30,000.

Following the jury's verdict in favor of Ryan in his civil action, Judge Hungate called a conference to encourage all parties to settle the claims in the suit. Following this conference, Cervantes sent a letter to Ralston's attorney proposing Ralston waive its lien for past benefits paid and pay an additional lump sum of $150,000 in lieu of any future claims by Ryan under the Workers' Compensation Law. On May 23, 1986 the attorney for Ralston then sent a letter to Cervantes inquiring whether Cervantes would be interested in Ryan closing out his Workers' Compensation claim in exchange for the release of Ralston's subrogation claim against Ryan's judgment. Both Ryan and Cervantes understood this letter to be an offer of settlement by Ralston through its attorney. Following the May 18, 1987 decision by the U.S. Court of Appeals, Cervantes attempted to settle the case along the terms set forth earlier in the May 23, 1986 letter from Ralston. Ralston then informed Cervantes that they wanted to proceed in accordance with Illinois Workers' Compensation Law. On September 17, 1987 Ralston asserted its lien for repayment of the $140,937.29 pursuant to Illinois statutes. In this letter Ralston further stated pursuant to Illinois law it would pay Cervantes 25% of this repayment as a fee, as opposed to the 40% fee set forth in the copy of Cervantes' contract with Ryan sent to them in 1982.

On September 19, 1987 Ralston terminated Ryan's benefits after Kolesar paid Cervantes the judgment awarded in Ryan's civil action plus all the interest accrued thereon.

Cervantes withheld $140,937.29 from proceeds of the judgment and took no fee from these funds. On February 8, 1988 Cervantes brought this interpleader action in St. Louis Circuit Court seeking attorney's fees of 40% of past benefits recovered based on express contract or, in the alternative reasonable attorney's fees based on quantum meruit, and seeking to avail himself of the Missouri attorney's lien statute. Further, Cervantes sought reasonable attorney's fees for all future benefits saved to Ralston.

The trial court found that no contract, express or implied existed between Ralston and Cervantes and held that pursuant to Ill.Ann.Stat., Ch. 48, ¶ 138.5(b), Cervantes was entitled to 25% of the gross reimbursement, or $35,234.23 (140,937.29 × 25%) as attorney's fees. In addition, the trial court found that Ralston's pro rata share of the costs and expenses was $2,219.96. The trial court also held that Ralston was not entitled to any post-trial interest that had accrued on the judgment. Furthermore, the trial court held no settlement agreement between Ryan and Ralston was ever reached. This appeal followed.

Appellant Cervantes raises three points on appeal while defendant/cross-appellant Agnes Ryan, personal representative of the Estate of Charles Ryan, raises one point and defendant/cross-appellant Ralston raises one point on appeal. Cervantes asserts the trial court erroneously declared and/or erroneously applied the law in applying Illinois law in its ruling as to the amount of recovery Cervantes was entitled to from Ralston, and also in ruling that no express or implied contract existed between Ralston and Cervantes. He also states the trial court erroneously declared and/or applied the law in failing to allow him to collect attorney's fees on future benefits saved by Ralston due to his successful recovery in Ryan's personal injury suit. Defendant/cross-appellant Agnes Ryan charges trial court's ruling that no settlement agreement was reached between Charles Ryan and Ralston was against the overwhelming weight of the evidence and lastly defendant/cross-appellant Ralston alleges the trial court erred in failing to

award Ralston its pro rata share of post judgment interest.

■ We reverse the finding of no implied agreement existing between Ralston and Cervantes. We find Cervantes is entitled to reasonable attorney's fees in quantum meruit.

■ We recognize the oft repeated admonition that a decree or judgment of the trial court in a court tried equity case, such as the case at bar, must be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. We also acknowledge the principle of our Supreme Court that "[a] promise to pay the reasonable value of an attorney's services is implied where there is no express contract, if the services are accepted by the client or rendered at his request, and recovery may be had in quantum meruit, to the extent of the reasonable value of the lawyer's services to his client." *Roberds v. Sweitzer*, 733 S.W.2d 444, 447 (Mo. banc 1987); *Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 325 (Mo. banc 1979). When nothing is provided for attorney's fees then the courts will find an agreement to pay the attorney the reasonable value of services rendered. *Roberds, supra.*

During the interpleader action in question Cervantes introduced a letter from Mr. Daryl Dibler of Aetna Technical Services, Inc., the agent of Ralston, to Cervantes. The letter reads:

Dear Mr. Cervantes:

This letter is to inform you that the statute for the liability claim on this matter will toll on September 7, 1982. *Please file suit by June 22, 1982 against Julius Kolesar, Inc. and John J. Henson, Jr., the responsible party for this accident.* If I have not received proof of suit *protecting our interests,* I will refer this file to our attorney to file and protect the statute. [Emphasis added].

While Ralston asserts that this letter is merely an attempt by Mr. Dibler to protect a short statute of limitations, we find it also to be strong and compelling evidence of a request for representation between Ralston Purina and Cervantes.

■ Under Supreme Court Rule 55.10 express contract and implied contract may be pleaded in the alternative without the pleading being struck for insufficiency. *Craig, supra* at 325; *State ex rel Scott v. Sanders*, 560 S.W.2d 899, 901 (Mo.App. 1978). The factors to be considered in determining reasonable value of attorney's fees in Missouri are time, nature, character and amount of services rendered, nature and importance of the litigation, degree of responsibility imposed on or incurred by the attorney, the amount of money or property involved, the degree of professional ability, skill and experience called for and used, and the result achieved. *Higgins v. McElwee*, 680 S.W.2d 335, 344 (Mo.App. 1984). The courts are themselves experts on attorney's fees and this expertise deals not only with pre-trial and trial services but also extends to the value of any appellate services rendered. *Trapani v. Trapani*, 686 S.W.2d 877, 878 (Mo.App.1985).

In the case at bar Cervantes testified that he and his associates expended 1425 hours on research, preparation for trial, trial and appeal. But time is only one of the above stated factors, and may be a minor one. *Higgins, supra.* The pre-trial preparation involved extensive legal and medical research as well as extensive discovery resulting in 22 depositions being taken in Illinois, Iowa and Minnesota as well as Missouri. The trial lasted eight days, spread out over a nineteen day period. The resulting verdict was $550,000.00 for Ryan and $25,000.00 for his wife on the loss of consortium claim. Furthermore, an appeal followed which affirmed the judgment of the trial court.

Additionally, even though Ryan was admittedly permanently disabled and couldn't work again, Henson and Kolesar never offered more than $30,000 in settlement. Cervantes and his associates performed all of the work, with no assistance from Ralston, on a contingent fee contract. He also expended $10,000 as out-of-pocket expenses for trial preparation. Cervantes recovered the full amount of past benefits paid by Ralston to Ryan. Finally, the degree of

professional ability called for is illustrated by the excellent result achieved, the complexity of the claim and Cervantes' fifteen years expertise in trial practice.

■ Given all of the above we will invoke the recognized equitable principle in Missouri that if an attorney protects the rights of others, those persons cannot lie back and benefit without paying their proportionate share of attorney's fees even though, as in this case, Ralston signed no contract of employment with Cervantes. *McMullin v. Klein*, 468 S.W.2d 657, 662 (Mo.App.1971); *See also In re Estate of Gangloff*, 743 S.W.2d 498, 504 (Mo.App. 1987). We find that the trial court's judgment was not supported by substantial evidence and therefore find that Cervantes is entitled to the sum of $56,374.92 in reasonable attorney's fees in quantum meruit based on the factors listed above.

■ Cervantes alleges that the trial court erred in not allowing him attorney's fees on "future benefits saved" by Ralston due to his successful recovery against Henson and Kolesar. It is true that in equity, under the appropriate circumstances, a court may grant relief consistent with the pleadings even though that relief has not been specifically pleaded. *Bestor v. American National Stores, Inc.*, 691 S.W.2d 384, 390 (Mo.App.1985). A court in equity is limited, in general, to the cause of action and issues made by the pleadings. *Cox v. Bryant*, 347 S.W.2d 861, 863 (Mo.1961).

Review of plaintiffs petition reveals that no such determination of attorney's fees based on "future benefits saved" is asked of the trial court. For that matter, the petition does not raise the issue of attorney's fees for "future benefits saved" in any request. At trial, when testimony was presented regarding the extent of future benefits, counsel for Ralston objected. In response, counsel for Cervantes informed the court that the evidence was being presented for issues relating to motivation for settling the compensation claims. No evidence was presented on the issue of whether and to what extent Ralston may be liable for attorney's fees for future Workers' Compensation benefits. We find there was insufficient evidence before the trial court to make any such determination of attorney's fees owed in future benefits saved. We find no error. Point denied.

■ Defendant/cross-appellant Agnes Ryan claims that the trial court erred in ruling no settlement agreement existed between Ryan and Ralston to settle finally all claims, past, present and future. The formation of a contract requires a meeting of the parties' minds regarding the same thing at the same time. *Dobbins v. City Bond and Mortgage Co.*, 343 Mo. 1001, 124 S.W.2d 1111 (1938). Negotiations or preliminary steps taken by the parties do not of themselves constitute a contract. *Id.* 124 S.W.2d at 1115.

In the case at bar the personal representative of Charles Ryan bases her allegation on a May 23, 1986 letter from Joseph Mueller, Ralston's attorney, to Cervantes, which stated:

Ralston Purina has indicated they may be interested in settling the above-captioned case, as far as their compensation exposure is concerned, by closing out the compensation case for a waiver of all sums that have been paid to date by Ralston. They inquired whether or not this could be accomplished and, if so, would there be any interest on the part of your client to entertain such a settlement.

*Naturally, I do not have any authority at this time to make any commitment on behalf of my client, however, they did ask that I explore the possibility set forth above. Will you please let me know if there is any interest in disposing of the workers' compensation claim and the third-party action along these lines.* [Emphasis added].

We find this letter to be substantial evidence to support the trial court's holding Ralston and Ryan reached no settlement agreement. The letter is clearly an invitation to engage in negotiations, with a caveat that the attorney for Ralston did not have authority to settle at that time and was not a definitive settlement offer. Point denied.

■ The final point before us is raised by defendant/cross-appellant Ralston. This point charges the trial court erred in failing to award Ralston its pro rata share

of post judgment interest because principles of fundamental fairness and justice require such an award. Missouri cases do not provide for the recovery of interest by the employer on a third party judgment in favor of the employee. *See Ruediger v. Kallmeyer Brothers Service*, 501 S.W.2d 56 (Mo. banc 1973); *Parker v. Laclede Gas Co.*, 770 S.W.2d 461 (Mo.App.1989). Illinois case law expressly prohibits the allowance of interest to the employer. *Shelby v. Sun Express, Inc.*, 107 Ill.App.3d 362, 63 Ill.Dec. 115, 437 N.E.2d 764 (1982).

There was substantial evidence and law for trial court to hold that Ralston was not entitled to post judgment interest. Point denied.

Judgment affirmed in part and reversed in part.

CRANDALL and KAROHL, JJ., concur.