**WILLIAM H. PICKETT, P.C.,
et al., Appellants,**

v.

**AMERICAN STATES FAMILY
INSURANCE COMPANY,
Respondent.**

**No. WD 47028.**

Missouri Court of Appeals,
Western District.

May 4, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 29, 1993.

Application to Transfer Denied
Aug. 17, 1993.

William H. Pickett, Kansas City, for appellants.

Daniel J. Strausbaugh, Overland Park, KS, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and BRECKENRIDGE, JJ.

LOWENSTEIN, Chief Judge.

This case involves an interpleader action filed by the attorney for an employee who suffered an injury on the job, recovered workers' compensation benefits and then settled a products liability claim against a third party. The issue this court must decide is the subrogation interest of the compensation carrier. Sections 287.150.1 and 287.150.3, RSMo Cum.Supp.1992, discussed *infra,* provide as pertinent to this case, that when a third person is liable to an employee for injury, the employer possesses a right of subrogation against the employee's recovery from the tort-feasor. When the employee effects a recovery, the employer receives reimbursement for the amount paid by workers' compensation and pays from its share of the recovery a proper limited share of expenses and attorney's fees. Sections 287.150.1, 287.150.3. Any balance is apportioned between the employer and employee in the ratio the amount due the employer bears to the total recovery. § 287.150.3.

Under § 507.060, RSMo 1986, attorney William H. Pickett filed this interpleader action against Carl E. Cunningham, Barbara Cunningham, whom he represented, and American States Insurance Company (American), Cunningham's employer's compensation carrier, to determine whether *American had any* subrogation interest in the Cunningham's settlement ... and if so, the extent of the interest in the civil suit. Pickett petitioned the trial court to determine the respective amounts each defendant should receive and then deposited $70,000, as claimed by American, with the court clerk.

The parties stipulated the facts in this case. On September 18, 1985, Carl Cunningham received on the job injuries when a tire rim he repaired exploded. He worked for Ron's Tire Service in Huntsville. Cunningham filed a workers' compensation claim and received $103,953.39 paid by American. On January 19, 1989, defendants, Carl and Barbara Cunningham filed a products liability suit against Firestone Tire & Rubber Company in federal court to recover for the injuries suffered by them as a result of the accident. Pickett represented the Cunninghams during all phases of the suit including the settlement negotiations. Previously, an attorney for American had sent Pickett a letter and asserted a subrogation lien for the benefit of American "on settlements, awards or

judgments obtained on behalf of Carl E. Cunningham."

On October 9, 1989, the Cunninghams settled their claims against Firestone for a total of $186,000 and dismissed the suit. The parties could not agree on the proper distribution of the proceeds under § 287.-150.3. Consequently, in January 1990, Pickett filed a petition of interpleader and named the Cunninghams and American as defendants. On March 28, 1990, Pickett paid into the Circuit Court of Jackson County $70,000.00 to cover the subrogation interest claimed by American and requested the clerk to put the funds in an interest-bearing account. As of June 4, 1991, the $70,000.00 with interest had grown to $75,-725.09. The trial judge determined § 287.-150 gave the insurance company a right of subrogation in an amount determined by the formula in *Ruediger v. Kallmeyer Bros. Serv.*, 501 S.W.2d 56, 59 (Mo. banc 1973), despite a settlement in the third party suit. The judge also determined the *Ruediger* formula applied to monies awarded to Cunningham for disfigurement. The trial court then applied the *Ruediger* formula, but deducted $11,000 from the amount recovered by the Cunninghams for Barbara Cunningham's loss of consortium claim. The trial court awarded the parties their respective amounts plus a pro rata share of the interest earned on the funds deposited.

1. $175,000.00 amount of Carl Cunningham's products liability settlement
   75,670.74 expenses and attorney fee (pro rata)
   _____
   99,329.26

2. $103,953.39 amount paid by workers' compensation
   175,000.00 amount of Carl Cunningham's settlement
   _____
   .594 Ratio for apportionment

3. $ 99,329.26 Balance from # 1.
   .594 Ratio from # 2.
   _____
   59,001.58 Amount to be paid employer

---

The Cunninghams and Pickett, the appellants, first appealed to the Supreme Court of Missouri and challenged the validity of § 287.150 under state and federal constitutional provisions. The supreme court transferred the case to this court. The Cunninghams assert three issues on appeal: 1) trial court erred in awarding interest to American because the insurance carrier was not entitled to post-judgment or post-settlement interest, 2) the trial court erred when it included the portion of the workers' compensation benefits attributable to Carl Cunningham's disfigurement as part of the amount included as recovery in the subrogation calculation, and 3) they challenged the constitutionality of § 287.-150, as being violative of the due process clauses of the Fifth and Fourteenth amendments to the United States Constitution as well as Mo. Const. Art. I, § 10.

For their first point, the appellants contend the trial court erred when it awarded American a pro rata share of the interest accumulated during the interpleader action. Interpleader is an equitable remedy governed by equitable principles. *Insurance Co. of North Am. v. Skyway Aviation, Inc.*, 828 S.W.2d 888, 892 (Mo.App. 1992) (citations omitted). In an equitable action, an allowance of prejudgment interest is a matter of discretion. *Skyway*, 828 S.W.2d at 892. Similarly, an award of interest accumulated from the time the stakeholder deposited the funds to the time of distribution is a matter of discretion. This court then reviews the award by the trial court to determine whether the award amounted to an abuse of discretion.

■ Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State ex rel. Webster v. Lehndorff Geneva, Inc.,* 744 S.W.2d 801, 804 (Mo. banc 1988). If reasonable people can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Id.* at 804. The appellants have not met their burden of establishing an abuse of discretion in this case.

The appellants rely on *Cervantes v. Ryan,* 799 S.W.2d 111 (Mo.App.1990), which involved an interpleader action between an employer and the attorney of the injured worker who recovered from a third party. The employer had paid the injured employee $140,937.29 pursuant to the Illinois Workers' Compensation Act. *Id.* at 113. When the employee received his judgment from the third party, the attorney, Cervantes, withheld $140,937.29 and brought an interpleader action. *Id.* at 114. He wanted the court to determine the amount of attorney fees the employer had to pay out of the interplead fund. *Id.* The trial court did not award the employer any post-trial interest that had accrued on the judgment. *Id.* at 116–17. The appellate court upheld the trial court's decision. *Id.* at 117. The court cited *Ruediger,* 501 S.W.2d at 56, and *Parker v. Laclede Gas Co.,* 770 S.W.2d 461 (Mo.App.1989), to support its conclusion. *Id.* Those cases involved the calculation of the employer's subrogation interest under § 287.150 which does not include interest in the formula.

In this case, the trial court did not abuse its discretion when it awarded American a pro rata share of the accumulated interest on the interplead fund. The employee received a settlement subject to the subrogation interest of the employer.

"The theory of interest in any case is compensation for the use of or loss of the use of money to the person entitled to it." *Laughlin v. Boatmen's National Bank of St. Louis,* 354 Mo. 467, 189 S.W.2d 974, 979 (Mo.1945). While the interpleader action proceeded, American lost the use of the money to which it was entitled. The interpleader action merely determined the exact amount of money to which the employer was entitled after applying the *Ruediger* formula. Once the employee received the settlement, the employer had a right of subrogation based on the principal amount on which the interest accrued. The court awarded American a pro rata share of this interest. In this equitable action, the ruling on accrued interest was not an abuse of discretion and is upheld.

■ For their second point, the appellants allege the trial court erred when it included Carl Cunningham's award for disfigurement in the *Ruediger* calculation. The subrogation statute, § 287.150.1 provides:

"Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee ... against such third person, and the recovery shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover ..."

Under § 287.150.3, "any part of the recovery paid to the employee or his dependents ... shall be treated by them as an advance payment by the employer on account of any future installments of compensation."

Section 287.190.4, RSMo 1991 Cum.Supp., allows the Labor and Industrial Relations Commission to award for disfigurement "such additional sum for the compensation ... as it may deem just." Unlike Barbara Cunningham's recovery for loss of consortium in this case, her own separate cause of action, the disfigurement award is a part of the compensation paid to Carl Cunningham properly included in the calculation of the employer's subrogation interest. The workers' compensation act specifically designates money received for disfigurement as "compensation" for the injured employee. The trial court properly included reim-

bursement for the disfigurement award in the *Ruediger* formula.

For their third point, the appellants allege the trial court erred in determining § 287.150 was constitutional. The appellants allege the statute is unconstitutional because it allows a subrogation claim against the entire amount of a third party settlement when that amount includes payment for damages not compensable under the Workers' Compensation Act therefore depriving the employee of property without just compensation. On this point, the trial judge subtracted the spouse's recovery from the calculation. This court has concluded the judge properly included the disfigurement award in the *Ruediger* formula. Under the subrogation statute, the employee holds as an express trustee the part of the recovery subject to subrogation. *Schumacher v. Leslie*, 360 Mo. 1238, 232 S.W.2d 913, 919 (Mo. banc 1950). Based on these facts, this court need not decide if the employee was deprived of property without just compensation.

As to the appellants' contention the statute is vague under the Missouri and U.S. constitutions, this court is not free to overrule *St. Louis Bd. of Educ. v. Shannon*, 640 S.W.2d 121, 122 (Mo. banc 1982), which expressly found the statute provision constitutional. In *Prokopf v. Whaley*, 592 S.W.2d 819, 824 (Mo. banc 1980), which *Shannon* cites, the supreme court used the same standard rules of construction to determine if a statute was void for vagueness under the United States and Missouri constitutions—"[a] statute is presumed constitutional unless it clearly contravenes some constitutional provision." The statute does not contravene a constitutional provision and *Ruediger* provides a formula for determining and employer's amount of subrogation.

The judgment is affirmed.