**BI–STATE DEVELOPMENT AGENCY, Plaintiff/Appellant,**

**and**

**Sandra Bayless and Oscar Bayless, Plaintiffs/Respondents,**

**v.**

**Raymond GURLEY, Defendant.**

**No. ED 81442.**

Missouri Court of Appeals, Eastern District, Division Five.

April 1, 2003.

---

1. All rule references are to Mo. R.Crim. P.2002, unless otherwise indicated.

Debbie S. Champion, Kevin J. Marquitz, St. Louis, MO, for appellant.

Steve D. Brooks, St. Louis, MO, for respondents.

ROBERT E. CRIST, Senior Judge.

Bi–State Development Agency (Bi–State) appeals from the judgment apportioning the settlement of Sandra and Oscar Bayless's (Plaintiffs) claims against Raymond Gurley (Defendant) under the workers' compensation subrogation statute, section 287.150, RSMo 2000. Because we find the trial court correctly apportioned the settlement between Plaintiffs and Bi–State, we affirm.

On August 21, 1995, Plaintiff Sandra Bayless, an employee of Bi–State, was injured when the bus she was driving was involved in an accident with Defendant. Plaintiff suffered personal injuries and Bi–State made workers' compensation payments to her totaling $5,543.32. On September 15, 1999, Bi–State filed suit under section 287.150 against Defendant to recover its workers' compensation payments. Approximately two months later, Plaintiffs sought leave to intervene in the lawsuit and the court granted them leave to intervene in early 2000. It is apparently undisputed that after Plaintiffs intervened, their attorney took over control of the litigation. Plaintiffs conducted discovery, including interrogatories and depositions.

In August 2001, Bi–State and Defendant agreed to settle Bi–State's claims for the full amount of its subrogation interest, $5,543.32. Bi–State petitioned the trial court to approve its settlement. The trial court denied approval, concluding that "[s]o long as attorneys for Plaintiff Bayless pursue her cause of action, their right to be compensated for time expended in the effort remains an unsettled issue."

On February 28, 2002, Plaintiffs agreed to settle their personal injury claim against Defendant for $7,000. Unfortunately, Plaintiffs and Bi–State were unable to agree on how to apportion the settlement

proceeds under section 287.150. The parties submitted briefs and argument to the trial court, who entered a judgment apportioning the settlement proceeds. The court concluded that Plaintiffs had effected the settlement of Plaintiffs' claims. Applying the formula set forth in *Ruediger v. Kallmeyer Bros. Service*, 501 S.W.2d 56 (Mo. banc 1973), the court subtracted Plaintiffs' attorneys' fees ($2,333.34) and expenses ($203.90) from the $7,000, and concluded that the remaining amount "shall be allocated between Bi–State, the employer, and Sandra Bayless, the employee, in the same ratio that the total amount due the employer, $5,543.22 (sic), bears to the total amount recovered of $7,000.00." Bi–State appeals.

In its sole point on appeal, Bi–State argues that the trial court erred in its application of section 287.150 when it held Bi–State was required to contribute to the Plaintiffs' attorneys' fees and expenses. Bi–State contends the Plaintiffs did not effect the settlement alone, but rather, Bi–State contributed to effectuate the settlement, because it received a settlement offer of $5,543.32.

■ In *Parker v. Laclede Gas Co.*, 770 S.W.2d 461, 462–63 (Mo.App. E.D. 1989), this Court explained in detail how settlement proceeds are to be apportioned under section 287.150. If the employer effected the recovery, then section 287.150.1 applies to the distribution of the recovery. Under that situation, the employer retains the amount of workers' compensation paid by it and the expenses of making the recovery, and pays the remainder to the employee. *Id.* at 462. However, if the employee effects the recovery, then section 287.150.3 controls the allocation. In this instance, the expenses and attorneys' fees of the employee are deducted from the recovery and the remaining amount is apportioned between the employee and employer in the same ratio that the amount due the employer bears to the total amount recovered. *Id.; See, Ruediger*, 501 S.W.2d at 59. If both the employer and the employee effect the recovery, then each party bears its own fees and expenses from its share of the recovery. *Parker*, 770 S.W.2d at 464.

■ Plaintiffs and Bi–State disagree on which provision applies. Plaintiffs assert that they effected the recovery and thus, section 287.150.3 controls. In contrast, Bi–State contends that Plaintiff did not effect the recovery of its subrogation amount, $5,543.32, because it separately negotiated a settlement for that amount. Therefore, Bi–State argues that both it and Plaintiffs effected the recovery, so each party should bear their own expenses and fees. Contrary to Bi–State's assertions, however, effecting the recovery does not equal negotiating a settlement. The word "effected" means "accomplished, brought to pass, completed or produced; carried to completion, or consummated." *Maryland Cas. Co. v. General Elec. Co.*, 418 S.W.2d 115, 117 (Mo. banc 1967). In *Maryland*, the Supreme Court found that an employee that had not assisted in the investigation or preparation for trial had not effected the recovery. *Id.*

■ Here, Bi–State did not assist in the investigation or preparation for trial. It simply filed suit first. The trial court noted in its judgment that Bi–State had specifically written a letter to Plaintiffs' counsel, which stated:

> ... Bi–State's counsel had 'refrained from filing any discovery and/or taking any depositions in this case. As you know, the case law indicates that the injured party (Ms. Bayless) has the opportunity to control the discovery and file litigation. As such, I have held off on preparing the case for trial. I as-

sume that you will take depositions and file the appropriate discovery. If you would like for me to take the lead in doing that, I will be happy to do so. However, if we do take the lead in preparing the case for trial, we could not pay you a fee under *Ruedinger* (sic). Either way is fine with me, but let me know please if you do want me to move forward to prepare the matter for trial.'

Bi–State has not provided us with a copy of this letter in its legal file. In any event, Bi–State does not deny that they wrote this letter or that Plaintiffs did control the entire litigation. The apportionment of the settlement proceeds is based on other factors beside whose suit is filed first. *State ex rel. Missouri Highway and Transp. Com'n v. Copeland,* 820 S.W.2d 80, 84 (Mo.App. S.D.1991). Although Plaintiffs did not file their suit first, they promptly intervened in the suit. They took over control of the litigation, conducted discovery, took depositions, and prepared the case for trial. Meanwhile, Bi–State took no action except to "settle" its own claims.

■ Under Bi–State's theory, they could sit by and allow Plaintiffs' attorney to conduct discovery and prepare a case for trial. At the last minute, Bi–State could negotiate its own independent settlement with Defendant and walk away with its entire subrogation amount, thereby reaping the benefits of Plaintiffs' work without having to pay for it. Quite obviously, this is not the intent of the statute nor *Parker.* Indeed, "[o]ne who sits idly by and allows another to recover money for his benefit can have no objection to having the expenses of that recovery met from the amount recovered." *Parker,* 770 S.W.2d 461.

Bi–State contends it did not sit idly by, but instead, negotiated its own settlement. However, Bi–State had no authority to settle any claim against Defendant. Its cause of action was derivative of Plaintiffs' cause of action. *Copeland,* 820 S.W.2d at 84. Only Plaintiffs had any authority to settle its own cause of action. Bi–State's negotiation of its own settlement with Defendant is irrelevant. Under section 287.150, the only issue is who effected the recovery. The Plaintiffs effected the recovery of the $7,000 settlement amount for their claims where they controlled the litigation, conducted discovery, and prepared the case for trial.

Bi–State argues that once Plaintiffs intervened in the suit, Plaintiffs had the right to control the litigation under section 287.150. Bi–State argues there was nothing else they could do, since Plaintiffs were controlling the litigation. While Plaintiffs do have a right to manage the lawsuit and guide the efforts to effect the recovery, there is nothing in section 287.150 that would prevent Bi–State from being actively involved in the litigation. Bi–State apparently made a conscious decision not to be involved. Therefore, we do not believe the trial court erred in its application of *Ruediger.*

The judgment is affirmed.

LAWRENCE E. MOONEY, C.J., and LAWRENCE G. CRAHAN, J., concur.